JOHN CULLEN et al. vs. LEO R. DONAHUE et al.

JUNE 27, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  *Contracts.   Principal and Agent.*
Where plaintiff knew that defendant was acting as agent regardless of plaintiff's rights against the principal he has none against the agent, and the fact that the principal allowed the agent to retain a portion of the sum paid by plaintiff, on account of a claim of the agent against the principal does not affect the rights of plaintiff.

*(2) Offer and acceptance. Direction of Verdict.*

Whether a transaction between the plaintiff and the agent of defendant was an offer by plaintiff to purchase real estate of defendant and if so, whether notice of acceptance was communicated to plaintiff within a reasonable time or whether it was an acceptance by plaintiff of an offer by defendant through his agent, were questions of fact for the determination of the jury under proper instructions, and where such issue was not submitted to the jury, but they were charged that the facts constituted an offer by plaintiff, a new trial will be granted.

ASSUMPSIT. Heard on exceptions of defendants and sustained.

SWEETLAND, C. J. This is an action in assumpsit to recover the sum which the plaintiffs allege they paid upon an offer to purchase certain real estate which offer was revoked, before notice of acceptance within a reasonable time.

The case was tried before a justice of the Superior Court sitting with a jury and resulted in a verdict for the plaintiffs for the full amount of their claim. The defendants duly filed a motion for new trial which was denied by said justice. The case is before us upon the defendants' exception to the decision of said justice on the motion for new trial and upon certain exceptions taken to the rulings of said justice made in the course of the trial.

(1) In the transaction out of which the plaintiffs' claim arises the defendant Donahue was clearly acting within the scope of his authority as agent for the defendants James and Frances Schofield. The fact of such agency was well known to the plaintiffs at the time of the payment of the sum in question. Whatever may be said of their right to recover from the defendants Schofield, they have no remedy against the defendant Donahue. The refusal of said justice to direct a verdict in favor of the defendant Donahue was error. *Pease* v. *Francis*, 25 R. I. 226. The fact that the Schofields permitted Donahue to retain a portion of said sum on account of a claim of Donahue against the Schofields does not affect the legal rights of the plaintiffs.

It appears that the Schofields employed Donahue to sell for them a certain parcel of land and improvements in Paw-

tucket, for the purchase of which a certain third person was negotiating with the Schofields. Donahue interested the plaintiffs in the property. On September 28, 1921, Mrs. Cullen, for herself and the other plaintiff, inspected the house on the land, and then learned of the negotiations between the Schofields and said third person. By the testimony of the Schofields Mrs. Cullen at that time desired to purchase the property at the selling price but they refused to deal with her and referred her to Donahue as their agent. The Schofields notified Donahue of this interview and on the evening of September 28, 1921, Donahue visited the plaintiffs at their home with full authority to sell the property to them, unless the Schofields should sooner sell the same to said third person. The plaintiffs claim that on that evening the dealings between Donahue and the plaintiffs constituted an offer by the plaintiffs to purchase said property, which offer was to be communicated to the Schofields for their acceptance. This view was taken by said justice and the jury was instructed accordingly. It appears to us that from all the circumstances a more reasonable view to be taken of the transaction is that Donahue, having full (2) authority, offered the property to the plaintiffs for forty-five hundred dollars, three hundred dollars to be paid in cash and the remainder within two weeks thereafter, provided notice of the plaintiff's acceptance of this offer should be communicated to the Schofields before they had sold said property to the third person, and that the plaintiffs accepted this offer and paid three hundred dollars to Donahue on the purchase price. That the act of the plaintiffs was intended as an acceptance rather than as an offer we think is shown by the terms of the receipt given to them by Donahue. The receipt is as follows: "Pawtucket, R. I., September 28th, 1921. Received from John and Catherine Cullen, the sum of $300 as deposit to be applied upon the purchase price of $4,500 for the land with all the improvements thereon situated on the northerly side of Cooper Street, belonging to James and Frances Schofield,

meaning and intending to convey three lots with the improvements thereon.

"This deposit is taken subject to acceptance and that the transaction will be completed within two weeks from the date hereof, if accepted.

(Signed) Leo. R. Donahue, <em>Agent.</em>"

The plaintiffs and the court ascribed great importance to the clause, "This deposit is taken subject to acceptance," claiming that this marked the transaction as an offer by the plaintiffs to be accepted by the property owners. From the testimony of Donahue it appears that the clause was placed in the receipt to meet the condition in the offer, *i. e.,* that the plaintiffs' acceptance should not be effective unless communicated to Schofields before they had sold to the third person. In that view of the case the word was not used with reference to the acceptance of an offer made by the plaintiffs but to the acceptance of the deposit by the Schofields as binding the bargain between the plaintiffs and the owners of the property.

By the undisputed evidence on the same night Donahue took the deposit to the Schofields, who had not sold to the third person, they accepted the deposit and the plaintiffs' acceptance, if such it was, became effective.

What seems to us to be an important issue in the case was not submitted to the jury, and in the view of the evidence which we have suggested, the verdict failed to do justice between the parties. There should be a retrial of the case. What took place between the plaintiffs and Donahue on the evening of September 28, 1921, whether an offer was made at that time by the plaintiffs or by Donahue, constituted a material question of fact for the determination of the jury. As to the effect of this determination the jury should have received proper instructions. If the transaction was an offer by the plaintiffs it was accepted on the same night before its revocation, and within a reasonable time. From the nature of the contract

the plaintiffs would be entitled to notice of the acceptance of their offer within a reasonable time after acceptance. The Schofields had designated Donahue as the agency through which the plaintiffs were to deal, and the plaintiffs used Donahue as a medium for the communication of their offer, and an oral notice through Donahue of the acceptance would be effective. If a notice of acceptance was not communicated to the plaintiffs within a reasonable time after acceptance, they would be at liberty to regard themselves as freed from obligation. They might revoke the offer and demand a return of the deposit. Donahue notified the plaintiffs that the Schofields had accepted the deposit at ten o'clock in the forenoon of the next business day. Whether in the circumstances this notice of acceptance was communicated within a reasonable time was a question of fact for the jury.

If, however, the transaction on the evening of September 28, 1921, between the plaintiffs and Donahue, was an acceptance by the plaintiffs, in accordance with its terms, of an offer by the owners communicated through Donahue, then such acceptance of the offer became effective upon the acceptance by the owners of the deposit.

The exception to the refusal of said justice to direct a verdict in favor of the defendant Donahue is sustained. The exception to the decision of the justice denying the motion for new trial is sustained.

The case will be remitted to the Superior Court with direction to give a new trial of the case against the defendants Schofield. On July 2, 1923, at nine o'clock a. m., Standard time, opportunity will be given to the plaintiffs to show cause why the Superior Court should not be directed to enter judgment for the defendant Donahue for costs.

*Hinckley, Allen, Tillinghast & Phillips, Chauncey E. Wheeler, Clifford A. Kingsley,* for plaintiff.

*Thomas P. Corcoran,* for defendant.