ASA A. SESSIONS *vs.* NATHAN G. FOSTER et al.

Oxford. Opinion March 29, 1924.

*Under common law pleading in civil actions the declaration must contain a clear and distinct averment of the facts which constitute the cause of action, and must set them out with that degree of certainty of which the nature of the matter pleaded reasonably admits. Merely alleging the duty of the defendant, being a conclusion of law only, is not sufficient. The facts which impose the duty must be alleged.*

Under the established rules of common law pleading in civil actions, the plaintiff's declaration must contain a clear and distinct averment of the facts which constitute the cause of action, in order that they may be understood by the party who has to answer them, by the jury who are to ascertain the truth of the allegations and by the court that is to give judgment.

It is not enough to refer to matters in an uncertain, doubtful and ambiguous manner as a kind of general drag-net to meet what evidence may be presented.

On exceptions. An action on the case to recover damages suffered by plaintiff, who alleged that defendants as agents of a certain insurance company in return for a consideration paid to them by him, agreed to write, execute and deliver to him a valid policy of insurance in the sum of twelve hundred dollars, on certain property owned by plaintiff, which they failed to do and the property was destroyed by fire. Defendants filed a special demurrer to the declaration alleging

its insufficiency, which was overruled by the presiding Justice, and exceptions entered by defendants. Exceptions sustained. Declaration adjudged bad. Demurrer sustained.

The case is stated in the opinion.

*Alton C. Wheeler,* for plaintiff.

*Aretas E. Stearns,* for defendants.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, MORRILL, WILSON, DEASY, JJ.

PHILBROOK, J.   The plaintiff brought suit against the defendants, alleging them to be duly qualified agents of a certain insurance company, and declaring their failure, for and in return of a certain consideration to them by him paid, to write, execute and deliver to him a valid policy of insurance protecting certain property of the plaintiff, which property had been destroyed by a fire for which the plaintiff was in no way responsible. The declaration also alleges that by reason of the defendants' failure, as aforesaid, he has been unable to recover for the fire loss incurred, and alleges that such failure to recover is due to the negligence of the defendants in not delivering to the plaintiff a valid policy of insurance. The defendants filed a special demurrer to the declaration, the demurrer was overruled, and exceptions to that ruling brings the case before us.

It is the opinion of the court that the exceptions must be sustained.

As already seen, the declaration alleges that the defendants were the duly qualified agents of the insurance company; that they undertook to issue to the plaintiff a policy of insurance on his property; that the plaintiff disclosed to them his true interest in the property; that the defendants delivered to the plaintiff a policy in said company which was not a valid policy binding on the company; and that the compensation for the policy was received by the defendants "as agents." The only contract disclosed is with the defendants as agents of the insurance company; the consideration was paid to them as agents of the company, and was a premium which belonged to the company. The defendants did not attempt to bind themselves. Assuming that the plaintiff can prove his allegations has he not misconceived his remedy? Should he not bring an action for deceit? This doctrine is sustained in *Gilmore* v. *Bradford,* 82 Maine, 547; *Noyes* v. *Loring,* 55 Maine, 411; *Kroeger* v. *Pitcairn,* 47 Am. Rep.

718; the latter case being very similar to the case at bar. See also 2 Corpus Juris, Sections 476, Page 803; 478, Page 805; 479, Page 806. If the form of action has been misconceived the point is open on special demurrer. *State* v. *Peck*, 60 Maine, 498, and the plaintiff must fail as making the first error. *Poor* v. *E. & N. A. Railway Co.*, 59 Maine, 270.

But other sufficient reasons exist for sustaining the exceptions and the demurrer. It is doubtless a well-grounded rule of law that in a declaration based upon a contract all that is necessary to state is the making of the contract, the obligations thereby assumed, and the breach. In the obligation assumed by the defendant is found his duty, and his failure to comply with the duty constitutes the breach. When these statements are supplemented with the statement of the amount claimed, and a prayer for judgment, the declaration is good. *Soule* v. *Weatherbee, et al.*, 39 Utah, 580; 118 Pac. Rep., 833; Ann. Cas., 1913, E. 75.

But under the established rules of common law pleading in civil actions the plaintiff's declaration must contain a clear and distinct averment of the facts which constitute the cause of action, and it must set them out with that degree of certainty of which the nature of the matter pleaded reasonably admits, in order that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations, and by the court that is to give judgment. *Ferguson* v. *National Shoemakers*, 108 Maine, 192; *Bean* v. *Ayers*, 67 Maine, 488; *Boardman* v. *Creighton*, 93 Maine, 17. It is not enough to refer to matters in an uncertain, doubtful, and ambiguous manner, as a kind of general drag-net to meet whatever evidence may be presented. *Boardman* v. *Creighton*, supra. If the pleader merely alleges the duty in his declaration he states a conclusion of law, whereas the elementary rule is that facts from which the duty springs must be spread upon the record so that the court can see that the duty is made out. *Kennedy* v. *Morgan*, 57 Vt., 46.

Applying these rules of law to the case at bar, without here attempting to point out the various essential allegations which are missing from the declaration, it is enough to say that the ruling below must be reversed.

> *Exceptions sustained.*
> *Declaration adjudged bad.*
> *Demurrer sustained.*