272 A.2d 155.

SALVATORE J. CARDENTE *et al. vs.* MAGGIACOMO INSURANCE AGENCY, INC. *et al.*

JANUARY 4, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. In this civil action the plaintiffs seek reimbursement for losses sustained as a result of a fire. The gravamen of their complaint is that the defendants undertook, but negligently failed, to provide them with insurance coverage against those losses. A trial justice in the Superior Court granted the defendants' motion for a summary judgment, and the plaintiffs appealed.

It appears that plaintiffs operate lumberyards at various locations in this state and that defendants are insurance agents who for many years have provided plaintiffs with their insurance coverage and protection. As part of that service defendants in 1964, at plaintiffs' request, issued four fire insurance policies covering the contents at the several locations. The policies were for terms of three years. Each was underwritten by a national carrier for whom defendants were duly authorized and appointed agents, and each covered a portion of the risk at each location. The defendants delivered the policies to plaintiffs. The premiums were paid directly to them rather than to the carriers.

In the early part of 1966, while the policies were in full force and effect, plaintiffs transferred their East Greenwich operation, including the insured "contents", to Warwick. They requested defendants to furnish them with the same coverage at the new location as they had had at the old. Defendants, as agents for the carriers, agreed to issue change of location endorsements, but neglected either to do so or even to advise the carriers of the location change. On November 5, 1966, the contents of plaintiffs' building at its new location were substantially damaged. The plaintiffs claim that they would have been in-

sured against the loss sustained had not defendants negligently breached their agreement to provide them with coverage, and they argue that defendants should compensate them for their losses.

It has long been settled that an agent acting on behalf of a disclosed principal is not personally liable to a third party for acts performed within the scope of his authority. *Cullen* v. *Donahue,* 45 R. I. 237, 121 A. 392; *Pease* v. *Francis,* 25 R. I. 226, 55 A. 686. This principle applies to dealings between insurance agents and insureds. It is for this reason that an insurance agent who fails to make policy changes requested by an insured is not responsible to the insured for that failure if when he agreed to procure the change he was acting for a disclosed carrier and had authority to do what he agreed to do. *Lippert* v. *Bailey,* 241 Cal. App.2d 376, 50 Cal. Rptr. 478; *Sessions* v. *Foster,* 123 Me. 466, 123 A. 898; *Paull* v. *Columbian National Fire Ins. Co.,* 171 Minn. 118, 213 N.W. 539; *Gibbs* v. *Home Ins. Co. of New York,* 298 N.Y.S. 856; 16 Appleman, *Insurance Law & Practice,* §8832 at 459-60. While the rule may appear to be harsh, the third party is not remediless for in law the disclosed principal is just as much bound as if the agent had fully performed his agreements. *Shabeck* v. *Standard Fire Ins. Co.,* 46 R. I. 121, 125 A. 288.

The plaintiffs do not challenge these settled principles. Instead they argue that whether defendants, for purposes of effectuating change of location endorsements on the extant policies, were representing the insureds or the insurers, or both, was a genuine issue for trial and should not, therefore, have been resolved by the trial justice on a motion for summary judgment. That argument completely ignores plaintiffs' own stipulation that defendants were the agents of the insurance companies and that there was no agency relationship whatsoever between them and

74

defendants.[1] Their concession was made to the trial justice just before he rendered his bench decision granting the motion for a summary judgment. It became a fact in the case and plaintiffs cannot now controvert it on appeal. *F & D Property Co.* v. *Alkire,* 385 F.2d 97, 100 (10th Cir. 1967); 3 Barron & Holtzoff, *Federal Practice & Procedure,* §1236 at 149; 6 Moore, *Federal Practice,* §5611 (1.-8) at 2147 (2d ed.).

Once the question of whose agents defendants were had been settled, there was no longer a genuine issue as to any material fact. Since the uncontroverted facts would not support a recovery for plaintiffs against these defendants under any theory of law, it became the trial justice's duty to grant defendants' motion for a summary judgment.

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court for further proceedings.

*Gunning & LaFazia, Richard T. Linn,* for plaintiffs.

*Jordan, Hanson & Curran, A. Lauriston Parks,* for defendants.

---

[1] The colloquy between court and counsel in which the stipulation was made follows:

"The Court: Is there any question here, Mr. Linn, with respect to the defendants being the agents of the insuring companies?

"Mr. Linn: No, sir.

"The Court: But, there is no agency between the defendants and the plaintiffs in this matter?

"Mr. Linn: No, sir.

"The Court: There is no question about that?

"Mr. Linn: No, sir."