[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on motion for summary judgment by defendant, International Excess and Treaty Managers, Inc. (IETM), against plaintiff, Loren, Inc. (Loren). Jurisdiction is pursuant to R.C.P. 56.
FACTS
Loren is a Rhode Island Corporation engaged in the manufacture, assembly, and sale of jewelry. While relocating Loren from Providence to Warwick, the president of Loren, George Hall (Hall), sought to obtain insurance for Loren. On July 1, 1989, Hall contacted the George Almeida Insurance Agency (Almeida) relative to obtaining insurance coverage. Almeida subsequently requested a quote for insurance from IETM on behalf of Loren. The company with whom IETM placed the insurance was Casualty Indemnity Exchange (CIE). The coverage was bound on August 16, 1989 and was effective from that date to August 16, 1990. The amount of coverage provided was fifty thousand dollars ($50,000) on contents with an eighty percent (80%) co-insurance clause and a ten percent (10%) sublimit on theft coverage.
On December 19, 1989, Loren's building was burglarized. The estimated amount of loss suffered by Loren was approximately two hundred seventeen thousand seven hundred and forty-one dollars ($217,741).
Loren's complaint alleges, inter alia, negligence against IETM, Almeida, and CIE. Loren alleges the three companies negligently under-insured it for fifty thousand dollars ($50,000) when it requested coverage in the amount of one hundred thousand dollars ($100,000). Loren further alleges that IETM was negligent in its inspection of the alarm system for the building which Loren leased. Loren prays for damages in the amount of $217,741 against IETM.
IETM asserts it was acting as an agent for a disclosed principal, CIE, and therefore cannot be held liable for alleged deficiencies in the procurement of coverage. IETM denies Loren's allegation with respect to its inspection of the alarm system.
Analysis
It is generally well-settled that a motion for summary judgment is a drastic remedy and, as such, should be applied cautiously. Rustigian v. Celona, 478 A.2d 187, 189 (R.I. 1984). Pursuant to R.C.P. 56(c), a trial justice may grant the motion "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Golderese v.Suburban Land Co., 590 A.2d 395, 396 (R.I. 1991) (quoting RhodeIsland Hospital Trust National Bank v. Boiteau, 119 R.I. 66, 376 A.2d 324 (1977)). The court must, however, view the pleadings, affidavits, memoranda, and other evidence in the light most favorable to the non-moving party. Rustigian, 478 A.2d at 189. If the party opposing the motion establishes that a material issue of fact exists, then the court must deny the motion.Grissom v. Pawtucket Trust Company, 559 A.2d 1065, 1066 (R.I. 1989).
In the instant action, IETM asserts it was acting as an agent of CIE and that it cannot be held liable to a third party (Loren) for its conduct pursuant to Cardente v. Maggiacomo InsuranceAgency, Inc., 108 R.I. 71, 272 A.2d 155 (1971). In Cardente,
the Rhode Island Supreme Court held that an agent acting on behalf of a disclosed principal is not personally liable to a third party for acts performed within the scope of his authority. This rule applies to dealings which occur between insurance agents and insureds. The court in Cardente explained that pursuant to this principal
 an insurance agent who fails to make policy changes requested by an insured is not responsible to the insured for that failure if when he agreed to procure the change he was acting for a disclosed carrier and had the authority to do what he agreed to do. Id. at 73, 272 A.2d at 256.
Loren contends Cardente is inapplicable to the instant action as there is no evidence that IETM had an agency relationship with CIE. Hall further asserts in his affidavit that he dealt directly with Almeida and never knew IETM existed until after his loss.
With respect to IETM's reliance on Cardente, this Court finds IETM's position to be incorrect. The rule set out inCardente specifically applies to dealings between insuranceagents and insureds. There is no evidence proving that IETM dealt with Loren as the agent of CIE. To the contrary, the evidence suggests that Loren did not deal with IETM on any direct basis. Rather, it was Almeida with whom IETM apparently dealt. Furthermore, Cardente requires the existence of an agency relationship between an insurance agent and a disclosed principal. There is no evidence establishing the existence of an agency relationship between IETM and CIE or that CIE was in fact a disclosed principal. Therefore, this Court finds there is a genuine issue of material fact as to the existence of an agency relationship between IETM and CIE that cannot be disposed of on summary judgment.
Based upon the arguments of counsel, the pleadings, and the affidavits, and viewing the evidence in the light most favorable to the non-moving party, this Court finds there remain genuine issues of material fact as delineated above. Accordingly, this Court denies IETM's motion for summary judgment.
Counsel shall prepare the appropriate judgment for entry.