**Gretchen KENNEDY, Individually and as Parent and Natural Guardian for her Minor Child Frantchen Kennedy**

v.

**Felix AYALA and Nora I. Ayala; Jose L. Correia and Maria L. Correia; Harry Page and Florence G. Page; Dennis R. McGowan and Catherine J. McGowan; B & B Realty, Ltd.; Century 21 Butterman & Kryston, Inc.**

**No. 97–473–Appeal.**

Supreme Court of Rhode Island.

July 10, 1998.

Robert J. McConnell, Providence.

Mark P. Dolan, David Edward Maglio, III; James T. Murphy, Providence.

**ORDER**

The plaintiff, Gretchen Kennedy, individually and as parent of the minor child, Frantchen Kennedy, appeals from a Superior Court summary judgment in favor of defendant, Century 21 Butterman & Kryston, Inc. ("Century 21"). Judgment was entered in accordance with Super.R.Civ.P. 54(b) in favor of Century 21. After a conference before a single justice of this court, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. At this time, we proceed to de-

cide this appeal without further briefing or argument.

The plaintiff filed a complaint in November 1992 alleging that her daughter suffered severe injuries as a result of exposure to lead-based substances. The complaint sets forth that the defendants, Felix and Nora Ayala, and Jose and Maria Correia, were the owners of property located at 77 Waltham Street in Pawtucket, Rhode Island, where plaintiff and her daughter lived for a period of time. The remaining defendants, with the exception of Century 21, are the alleged owners of other properties where Ms. Kennedy lived with her daughter prior to moving to Waltham Street. The second amended complaint alleges that an agent of Century 21 negligently misrepresented to Ms. Kennedy that the apartment shown to her was free from lead-based paint. Century 21 filed a motion for summary judgment, arguing that it was not liable to plaintiff because Century 21 was acting as an agent for a disclosed principal at the time the alleged misrepresentation was made. The trial justice agreed and entered judgment in favor of defendant Century 21.

On appeal, plaintiff contends that the trial justice erred in applying the general rule that an agent acting on behalf of a disclosed principal is not liable to a third party for acts performed within the scope of his authority. *See Cardente v. Maggiacomo Insurance Agency, Inc.*, 108 R.I. 71, 272 A.2d 155 (1971). The plaintiff contends, first, that this rule does not apply in the present case, because the Century 21 agent was not acting within the scope of her authority when she misrepresented the condition of the apartment to Ms. Kennedy.

The Century 21 agent showed Ms. Kennedy the apartment as an agent of the owners, the Correias. The agent's answers to Ms. Kennedy's questions concerning lead paint did not differ from the answers given by her principal, Mr. Correia. In her deposition, the plaintiff testified that the answers given by Century 21 agent and by Mr. Correia were consistent. Both allegedly told her that the apartment contained no lead paint. There is no indication that the agent was not authorized by the Correias to answer Ms. Kennedy's questions. In fact, it is most likely that one of the agent's tasks was to answer questions about the apartment by prospective tenants. The plaintiff points to no evidence that the Century 21 agent acted outside the scope of her authority as agent for the Correias.

The plaintiff next argues that an agent acting on behalf of a disclosed principal is not shielded from liability for tortious conduct, including negligent misrepresentation. We have reviewed the cases and authorities cited by plaintiff in support of this proposition and find them to be inapplicable here.

After careful consideration of the record in this case and the materials filed by the parties, we are of the opinion that the trial justice was correct in entering judgment in favor of Century 21. Therefore, plaintiff's appeal is denied and dismissed and the judgment appealed from is affirmed.