Rachel F. KENNETT et al.

v.

Richard MARQUIS et al.

No. 2001–128–Appeal.

Supreme Court of Rhode Island.

June 4, 2002.

George M. Prescott, Providence, for Plaintiff.

John W. Kershaw/Paul P. Baillargeon, Warren D. Hutchison/Mark P. Dolan/James S. D'Ambra, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The plaintiff-buyers, Rachel F. Kennett and Douglas A. Kennett, have appealed a grant of summary judgment in favor of the defendant Marguerite C. Jacob (Jacob) on claims of misrepresentation in connection with a real estate purchase and sale agreement for which Jacob was the sellers' agent. The defendant-sellers, Richard Marquis and Suzanne Marquis (Marquises) also have appealed the grant of summary judgment in favor of Jacob.[1] This Court heard oral argument in the case on May 14, 2002, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. Having considered the oral arguments, the record, and the parties' memoranda, we are of the opinion that cause has not been shown, and we summarily affirm the judgment of the Superior Court.

In August 1998, plaintiffs began negotiations to purchase a parcel of land from the Marquises. All negotiations between the buyers and sellers were carried on by Jacob and plaintiffs' agent, Marc Cote (Cote). The plaintiffs were concerned about Individual Sewage Disposal System (ISDS) approval for the land and, through Cote, obtained from Jacob a one-page report on ground water tests conducted in March 1998 by defendant Bibeault & Florentz Associates, Inc. (B & F). The report stated that there were no wetlands on the property, but a portion of the report was illegible. Nevertheless, plaintiffs entered into a purchase and sale agreement for the property in September 1998.

The plaintiffs requested a more legible copy of the ground water report, and B & F transmitted a new copy to Cote, but the second copy still was partially illegible. After the parties closed on the property in October 1998, plaintiffs finally obtained a legible copy of the report from B & F. Under the now legible "FOR OFFICE USE ONLY" section, the notation "schedule ledge tests" was written. The plaintiffs hired an engineer to conduct tests on the property and discovered the presence of wetlands. The plaintiffs asserted that had they known about the ledge test requirement in B & F's report before the closing, they would have insisted that the test be conducted before going forward with the purchase. They also contended that the copy of the ground water report they received from Cote was misleading, because it stated that there were no wetlands on the property, and the section noting the requirement of ledge testing was obscured.

The plaintiffs filed this suit for misrepresentation against the Marquises, who in turn filed a third-party complaint against

---

1. The remaining defendants, Marc Cote and Bibeault & Florentz Associates, Inc., did not appeal.

Jacob and Cote. Thereafter, plaintiffs amended their complaint to include direct claims against Cote, Jacob, and B & F. The Marquises filed a motion for summary judgment, which was denied, and Jacob's motion for summary judgment was granted with respect to both plaintiffs' and the Marquises' claims. The motion justice found that the parties had not set forth any facts that would indicate that Jacob engaged in negligent or intentional wrongful conduct or that she acted outside the scope of her role as agent and could be held personally liable. Final judgment was entered in favor of Jacob pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure, and plaintiffs and the Marquises appealed.

■ On appeal, plaintiffs contended that Jacob should be held personally liable for transmitting the partially legible ground water report, and they asserted that a question of material fact remained on whether Jacob committed intentional or negligent misrepresentation in giving the report to plaintiffs. The Marquises argued that Jacob had an independent implied contractual duty toward plaintiffs, and they contended that questions of material fact existed concerning whether Jacob made misrepresentations to plaintiffs and whether her actions were unauthorized and fell outside the agency relationship.[2] Jacob maintained that there was no evidence of independent negligence or misrepresentation outside of the scope of her agency.[3]

■ This Court reviews the grant of a motion for summary judgment on a *de novo* basis. *Nonnenmacher v. City of Warwick*, 722 A.2d 1199, 1202 (R.I.1999). "[I]f after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law, then we shall affirm the grant of summary judgment." *Id.* The parties opposing summary judgment "will not be allowed to rely upon mere allegations or denials in their pleadings. Rather, by affidavits or otherwise they have an affirmative duty to set forth specific facts showing that there is a genuine issue of material fact." *Bourg v. Bristol Boat Co.*, 705 A.2d 969, 971 (R.I.1998).

■ The resolution of this case rests on the legal standard applicable to Jacob's status as a real estate agent for the Marquises. "It has long been settled that an agent acting on behalf of a disclosed principal is not personally liable to a third party for acts performed within the scope of his authority." *Cardente v. Maggiacomo Insurance Agency, Inc.*, 108 R.I. 71, 73, 272 A.2d 155, 156 (1971); *see also Kennedy v. Ayala*, 717 A.2d 648, 649 (R.I.

**2.** Although the Marquises also set forth several arguments proposing that they should not be held liable to plaintiffs, those arguments pertained to their motion for summary judgment on plaintiffs' claims against them, the denial of which "[was] an interlocutory determination and is not entitled to an appeal of right." *McKinnon v. Rhode Island Hospital Trust National Bank*, 713 A.2d 245, 247 (R.I. 1998). Since the Marquises did not file a petition for a writ of certiorari to obtain review of the denial of their motion, we review on appeal only those issues related to their challenge to the grant of Jacob's motion.

**3.** Jacob also contended that she was relieved of liability by G.L.1956 § 5–20.8–2(a), which states that "[t]he agent is not liable for the accuracy or thoroughness of representations made by seller in the written [real estate sales] disclosure or for deficient conditions not disclosed to the agent by the seller." Because we hold that Jacob is entitled to summary judgment under common-law principles, we need not reach her statutory argument.

1998) (mem.). An agent, however, may be personally liable for unauthorized acts outside the scope of the agency, *Kenney Manufacturing Co. v. Starkweather & Shepley, Inc.,* 643 A.2d 203, 209 (R.I.1994), for acts to which the agent has bound himself or herself—either expressly or impliedly—under a contract, *C.C. Plumb Mixes, Inc. v. Stone,* 108 R.I. 75, 76–77, 272 A.2d 152, 154 (1971), or for acts within the scope of a duty that is otherwise independent of the agency relationship, *Forte Brothers, Inc. v. National Amusements, Inc.,* 525 A.2d 1301, 1303 (R.I.1987).

In our opinion, none of the above exceptions to the general rule is applicable here. The plaintiffs and the Marquises have not submitted any evidence that Jacob acted outside the scope of her agency relationship. Jacob clearly undertook to provide the ground water test document in her role as agent, in furtherance of the negotiations for the sale of real estate. Although the Marquises asserted that they did not authorize Jacob to transmit the ground water report to plaintiffs, they have presented no affidavits or other evidence to indicate the parameters of the agency relationship or otherwise to demonstrate that Jacob contravened their instructions by supplying plaintiffs with the report.

Further, neither the plaintiffs nor the Marquises have submitted specific facts showing that Jacob violated an independent duty by misrepresenting material information. We have held that one who supplies false information in a business transaction is subject to liability for negligent misrepresentation for any loss suffered by the person who justifiably relied on the false information if the supplier of the false information " 'fail[ed] to exercise reasonable care or competence in obtaining or communicating the information.' " *Estate of Braswell v. People's Credit Union,* 602 A.2d 510, 512 (R.I.1992). In this case, no evidence was presented to demonstrate that Jacob failed to exercise reasonable care in transmitting the ground water report or that Jacob knew of the presence of wetlands on the property, nor was there any evidence that Jacob delivered false information knowingly or intentionally. *See Katz v. Prete,* 459 A.2d 81, 84 (R.I. 1983) (setting forth elements of cause of action for deceit).

Because neither the Marquises nor the plaintiffs have established, other than by mere allegation, a genuine issue of material fact supporting their allegations that Jacob acted outside the scope of her agency relationship or breached an independent duty to the plaintiffs, we conclude that Jacob was entitled to judgment as a matter of law. Therefore, the motion justice did not err in granting summary judgment. Accordingly, we deny and dismiss the appeals, affirm the judgment of the Superior Court, and return the papers in the case thereto.