**Theodore E. STEBBINS, Jr.**

v.

**Melinda Blauvelt WELLS, et al.**

**No. 2001–620–Appeal.**

Supreme Court of Rhode Island.

March 27, 2003.

Justin T. Shay, for Plaintiff.

William R. Grimm, Anthony R. Leone, Dennis E. Carley, Mark P. Dolan, Providence, for Defendant.

Present: WILLIAMS, C.J.,
FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

In *Stebbins v. Wells*, 766 A.2d 369, 374 (R.I.2001) (per curiam) (*Stebbins I*), we reversed the Superior Court's entry of summary judgment in favor of a seller of waterfront real estate and in favor of the real-estate agents who worked on the sale. In doing so, we vacated the judgment and remanded the case *"for trial"* "on the disclosure issue," concluding that "there does exist a genuine issue of material fact regarding whether the severity of the erosion amounts to a disclosable defect that should have precluded the grant of summary judgment." *Id.* We also denied the buyer's appeal, however, "on the issue of fraud and misrepresentation," *id.* at 373, thereby affirming the motion justice's entry of summary judgment for all the defendants on count 1 of the complaint that pled this cause of action.

In *Stebbins I*, we spoke in terms of triable issues instead of causes of action, claims, and parties. Apparently, this misled the motion justice to believe that the only cause of action remaining for the Superior Court to consider on remand was count 10 of plaintiff's amended complaint, which sought damages from defendant seller and defendant real-estate agents (agents) for violating the real-estate sales disclosure act, G.L.1956 chapter 20.8 of title 5 (the act). Consequently, he granted summary judgment in favor of the agents, concluding that, as a matter of law, they owed no duty of disclosure under the act to plaintiff-buyer, Theodore E. Stebbins, Jr. (buyer). Because we respectfully disagree

with this no-duty-of-disclosure conclusion and with the motion justice's belief that *Stebbins I* affirmed summary judgment on all counts of the amended complaint, except count 10 (seeking damages for alleged violations of the act), we reverse and again remand this case for trial.

On this appeal, the buyer challenges the summary judgments that entered after the remand in *Stebbins I* in favor of the agents: defendants Miriam Scott, individually, and Miriam Scott Limited n/k/a Miriam Scott Productions, Limited (collectively, the buyer's agent), and defendants, Deborah L. Kubik and Country and Coastal Properties, Ltd. (collectively, the seller's agent). Pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure, the Superior Court entered separate final judgments for these agents. The buyer's claim for damages under the act against defendant seller, Melinda Blauvelt Wells (seller), was still pending when the Superior Court entered these judgments.

## Facts and Travel

As noted in *Stebbins I*, the complaint in this case challenged the alleged failure of the agents and the seller to disclose to the buyer that the seller's waterfront property at 71 Indian Hill Road in Little Compton was susceptible to a severe erosion problem. In *Stebbins I,* we affirmed the Superior Court's summary judgment in favor of all defendants with respect to the claim accusing them of fraud and misrepresentations. But we reversed and remanded for trial on any remaining, unwaived claims because we concluded that the erosion problem could constitute a disclosable deficient condition within the meaning of the act, chapter 20.8 of title 5. *Stebbins I,* 766 A.2d at 373–74. Generally, erosion on waterfront properties is not a defect for purposes of the act, we stated, because it occurs naturally. *Id.* at 373. But in this

case it could have been "far more severe than ordinary erosion" so "as to constitute a disclosable defect or unsound condition for purposes of the disclosure statute." *Id.* at 373–74. Consequently, we vacated the order granting summary judgment in favor of the seller and agents, and remanded the case "*for trial* to determine whether the erosion was so severe that it constituted a disclosable defect under the statute." *Id.* at 374. (Emphasis added.) In doing so, however, we did not expressly address the viability of the negligence and breach-of-fiduciary-duty claims that the buyer had alleged against the agents, but which the motion justice dismissed when he first granted summary judgment in favor of all defendants.

After the remand, the agents again separately moved for summary judgment on the issue of whether a real-estate agent could be held liable for a failure to disclose under the act. In so moving, the agents argued that our holding and mandate in *Stebbins I* left only count 10 of the buyer's amended complaint for the Superior Court to address on remand. Count 10 alleged a private cause of action for damages against all defendants under the act. Accepting this argument, the motion justice ultimately granted, summary judgment once again in favor of the agents. In doing so, he issued two written decisions in which he concluded that only sellers of real estate are required to provide the buyer with the written disclosures required under the act. He also ruled that the act did not require the agents to disclose to the buyer defective conditions relating to the property, nor did the act impose on them any responsibility for a seller's failure to disclose a material defect concerning the property in question.

On appeal, the buyer argues that the motion justice erred in concluding that the only count in his amended complaint that survived *Stebbins I* was count 10, seeking damages for defendants' alleged violations of the act. The buyer also challenges the motion justice's summary-judgment rulings dismissing his claims under this count, contending that the court's interpretation of the act was wrong in light of the clear language therein that refers to the potential for an action against either the seller or the agents who participated in the sale.

A single justice of this Court ordered the parties to show cause why we should not decide the appeal summarily. After reviewing the parties' legal memoranda and considering their oral arguments, we conclude that they have not done so and proceed to decide the appeal at this time.

## Analysis

In *Stebbins I*, after affirming the motion justice's grant of summary judgment on the buyer's fraud and misrepresentation claims, we identified an issue of material fact concerning the act and its applicability to the remaining claims alleged in this case. Specifically, we remanded the case for trial, directing the court to ascertain whether the erosion averred in the buyer's complaint was severe enough to be a "disclosable defect or unsound condition for purposes of the disclosure statute." *Stebbins I*, 766 A.2d at 374. Because this case has yet to proceed to trial, we still do not know whether the erosion was severe enough to constitute a disclosable defect under the act.

In his amended complaint, the buyer alleged numerous other causes of action against the seller and agents, including negligent omission, negligence, breach of fiduciary duty, and a private cause of action for damages under chapter 20.8 of title 5 for their averred failure to disclose to him a materially defective condition concerning the subject property. All these

different claims stem from the same set of operative facts: defendants' alleged failure to disclose severe erosion present on the Indian Hill Road property. In *Stebbins I*, we did not specifically address the viability of any of these claims, remanding the case for a factual determination on an issue common to all of them. *Stebbins I*, 766 A.2d at 374.

As a result, we respectfully disagree with the motion justice's conclusion that our holding in *Stebbins I* limited the claims remaining on remand to the buyer's attempt to prevail on a private cause of action against defendants for damages under the act. On the contrary, we hold that the buyer's claims for negligence, negligent omission, and breach of fiduciary duty should not have been dismissed on summary judgment. In *Stebbins I*, we agreed with the buyers' contention that "there is evidence that both Ms. Wells [seller] and Ms. Scott [buyer's agent] were aware of this severe erosion but, nevertheless, failed to disclose its existence." *Stebbins I*, 766 A.2d at 373. There is also evidence in the record suggesting that the seller's agent was likewise aware of the existence of erosion on the property. We are of the opinion that a trial is required to determine the severity of the erosion and the extent to which these agents were aware of it. If the erosion was severe and the agents were aware of it, then they may have been required to disclose this information to the seller. *See id.* The trier of fact should also determine whether the agents were negligent in failing to disclose this condition and, in the case of the buyer's agent, who formerly owned the property, whether that agent breached a fiduciary duty to disclose the erosion problem to the buyer.

### Standard of Review

In *Stebbins I*, we did not address whether the act's disclosure obligations apply to real-estate agents, nor did we rule on the availability of a private right of action for damages under its provisions. Whether the act requires buyer's or seller's real-estate agents to disclose material defects to the purchaser of property, and, if it does, whether the act creates a private right of action for damages against those who violate that duty are questions of statutory interpretation. Questions of statutory construction are reviewed *de novo* by this Court, and our "ultimate goal is to give effect to the purpose of the act as intended by the Legislature." *See Mottola v. Cirello*, 789 A.2d 421, 423 (R.I.2002) (quoting *Webster v. Perrotta*, 774 A.2d 68, 75 (R.I.2001)). If the language of the statute is clear and unambiguous, we must interpret it literally, giving the words of the statute their plain and ordinary meanings. *Id.* at 423 (citing *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1226 (R.I.1996)). On the other hand, if the statute is unclear or ambiguous, we "will examine statutes in their entirety," and "glean the intent and purpose of the Legislature 'from a consideration of the entire statute, keeping in mind [the] nature, object, language and arrangement' of the provisions to be construed." *Mottola*, 789 A.2d at 423 (quoting *State v. DiCicco*, 707 A.2d 251, 253 n. 1 (R.I.1998) and *In re Advisory to the Governor*, 668 A.2d 1246, 1248 (R.I.1996)).

## I

### Availability of a Private Right of Action Under Chapter 20.8 of Title 5

In his amended complaint, the buyer attempted to allege a private cause of action for damages against defendants for their asserted violations of the act's disclosure provisions. Specifically, plaintiff alleged that the seller, the seller's real-es-

tate agent, and his own real-estate agent all failed to disclose to him a defective condition on the property (namely, severe erosion) as required by the act. The buyer also averred that the seller never provided him with a disclosure statement, as required by § 5–20.8–2. The act itself, however, does not include language specifically vesting buyers with a private right of action for damages against sellers or agents who violate its provisions. The act merely provides that "each violation of this statute by the seller and/or his or her agent is subject to a civil penalty in the amount of one hundred dollars ($100) per occurrence." Section 5–20.8–5(b).

■ As we have previously stated, "the function of prescribing remedies for [statutory] rights is a legislative responsibility [and] not a judicial task." *Cummings v. Shorey*, 761 A.2d 680, 685 (R.I. 2000). In *Cummings*, we held that the General Assembly's failure to include a civil-action enforcement provision within a statute indicated "no private cause of action for damages [under the statute] was intended." *Id.* Here, the Legislature has prescribed a particular enforcement provision: namely, that a violation of the act subjects the violator to a civil penalty of $100 per occurrence. *See* § 5–20.8–5(b). This enforcement provision contemplates a civil fine for violations of the act, rather than a private lawsuit for damages.[1] When a statute "does not plainly provide for a private cause of action [for damages],

such a right cannot be inferred." *Bandoni v. State*, 715 A.2d 580, 584 (R.I.1998) (quoting *In re John*, 605 A.2d 486, 488 (R.I. 1992)).

■ In light of the Legislature's plain language providing for a civil fine for each violation of § 5–20.8–5, we decline to imply the existence of a private right of action in favor of buyers to sue for damages under the act. Thus, in holding that no right exists to file a private suit for civil damages under the act, we affirm the motion justice's grant of summary judgment to the agents under count 10 of the buyer's amended complaint. On remand, we also direct the Superior Court to enter summary judgment in favor of the seller on this claim, because the act also fails to create a private right of action for damages in favor of the buyer against the seller for alleged violations of the act.

## II

### The Agents' Duty of Disclosure Under Chapter 20.8 of Title 5 and G.L.1956 Chapter 20.6 of Title 5

Although we hold that no private right of action for damages exists for aggrieved buyers of real estate under the act, this holding does not preclude plaintiff's separate causes of action against the different defendants in this case for negligent omission, negligence, and breach of fiduciary duty. Although the Legislature has not

1. In interpreting the act's penalty provisions, we construe its "civil penalty" language in conjunction with the similar penalty provisions for real estate professionals contained in the other chapters within title 5 of the General Laws. General Laws 1956 chapter 20.5 of title 5, for example, authorizes the director of business regulation to impose specific administrative penalties not exceeding $1,000, § 5–20.5–14(b), for "[f]ailure of agents to provide buyers and sellers of real property with disclosure regarding real estate agency relation-

ships as specified in chapter 20.6 of this title." Section 5–20.5–14(a)(35). Given this language in an analogous provision concerning the same subject matter, we conclude that the specific monetary penalty of $100 per violation under G.L.1956 § 5–20.8–5(b) does not contemplate a private cause of action by aggrieved buyers for damages, but rather a civil fine enforceable by the director of business regulation pursuant to an appropriate administrative proceeding seeking to assess the fine.

included a provision within the act allowing buyers to sue sellers and real-estate agents for damages resulting from their alleged violations of the act, this does not prevent this statute, or other applicable provisions of the General Laws, from creating a duty on the part of real-estate agents and sellers to disclose material defects to buyers when the defects satisfy the conditions mandating their disclosure under chapter 20.8 of title 5 and otherwise fall within the agent's personal knowledge.

The act contains several provisions relating to the duties and obligations of real-estate agents. Thus, § 5–20.8–1(1) defines the term "agent" to include both buyer's and seller's agents and their respective brokers.[2] Section 5–20.8–2(a) goes on to provide that "the seller" shall deliver a written disclosure to the buyer and to each agent involved with the sale of real estate. In addition, the provision states that *"[t]he agent is not liable for the accuracy or thoroughness of representations made by seller in the written disclosure or for deficient conditions not disclosed to the agent by the seller."* Section 5–20.8–2(a). (Emphases added.) Under the plain language of this section, the seller's agent has no derivative or vicarious liability for misrepresentations or omissions *by the seller* on the written disclosure form. And this section further protects the seller's agent from liability for "deficient conditions not disclosed to the agent by the seller." In our judgment, this language applies to a situation in which an agent is accused of failing to disclose information about a disclosable deficiency, or a seller's misrepresentation concerning the property, when the agent lacked any knowledge of this condition from the seller or otherwise. Under these circumstances, the act im-

munizes the seller's agent from liability. But the act does not speak to whether the seller's agent has a duty to disclose a defective condition when the agent has independent knowledge of same or when the seller has disclosed the condition to the agent but not to the buyer. Thus, the statute distinguishes between knowledge of the seller and knowledge of the agent, and exempts the agent from liability for information known to the seller, but not communicated to the agent and not otherwise known by the agent. But it does not exempt the agent from his, her, or its independent duty to disclose to the buyer "in situations where [the agent] has special knowledge not apparent to the buyer and is aware that the buyer is acting under a misapprehension as to facts which would be important to the buyer and would probably affect [his] decision." *Stebbins I*, 766 A.2d at 373 (quoting *Hoffman v. Fletcher*, 244 Ga.App. 506, 535 S.E.2d 849, 851 (2000)). Under these circumstances, agents can be held liable for negligently breaching a duty to disclose such information to the buyer.

Another section of the act also implies that agents have a duty to disclose certain information to the buyer. Section 5–20.8–7, titled "Public agency notification," provides that "information required to be disclosed by this section to a prospective buyer by a public agency is deemed to comply with the requirements of this section and relieves the seller *or agent* of any further duty under this section as to that item of information." (Emphasis added.) This language also implies, however, that an agent has some duty to provide information to a buyer, as we noted in *Stebbins I*, 766 A.2d at 373.

Finally, § 5–20.8–9 provides:

**2.** Section 5–20.8–1(1) provides:
 " 'Agent' means any individual or entity acting on behalf of a seller or buyer to effect

the transfer of real estate. It includes listing agent, selling agent, buyer's agent, and their respective brokers."

"Neither the seller *nor agent* is liable for any error, inaccuracy, or omission of any information delivered pursuant to this chapter if the error, inaccuracy, or omission was not within the personal knowledge of the seller *or agent,* was based on information timely provided pursuant to §§ 5–20.8–7 and 5–20.8–8 and ordinary care was exercised in obtaining and transmitting it." (Emphases added.)

Again, this language anticipates that an agent could be held liable for information provided or not provided to a buyer concerning the real estate in question, if the above-specified conditions for immunity are not satisfied. On the other hand, the act relieves the agent from liability if the "error, inaccuracy, or omission" in communicating the information was not within the agent's "personal knowledge," if the information was timely provided to the buyer under the applicable provisions of the act, and if ordinary care was exercised in obtaining and transmitting this information to the buyer.

In *Stebbins I,* 766 A.2d at 373, we acknowledged that despite the application of the doctrine of *caveat emptor* to real estate transactions, " 'passive concealment by the seller' " is an exception to this rule. Citing a Georgia case, we said that such an exception:

" 'places upon the seller *or agent* a duty to disclose in situations where he or she has special knowledge not apparent to the buyer and is aware that the buyer is acting under a misapprehension as to facts which would be important to the buyer and would probably affect its decision.' " *Stebbins I,* 766 A.2d at 373 (quoting *Hoffman,* 535 S.E.2d at 851). (Emphasis added.)

The motion justice cited to the above language from *Stebbins I* in his written decision granting summary judgment for the buyer's agent, and noted that his decision "does not preclude lawsuits against buyer's agents or other types of agents for withholding information from the buyer." Similarly, in his decision for the seller's agent, the court said that, "today's decision does not preclude the possibility of lawsuits against a sales agent for allegedly failing to disclose defective realty." In so ruling, the motion justice distinguished the provisions of the act from those addressing the duties of real-estate agents in chapter 20.6 of title 5, opining in both his written decisions that chapter 20.6 of title 5, rather than chapter 20.8 of title 5, "deals forthrightly with the agent's duty of disclosure." Thus, he concluded, "it is [chapter 20.6] and not chapter 20.8, which affirmatively obligates the buyer's [and seller's] agent to disclose information to the buyer."

In interpreting statutory language, our primary concern is to achieve " 'the purpose of the act as intended by the Legislature.' " *Mottola,* 789 A.2d at 423. It is evident to us that the overall purpose of the act is to set forth a standard of disclosure for sellers and their agents before the transfer of real estate occurs. Because the Legislature purposefully included buyer's agents within the definition of the term "agent" in § 5–20.8–1, we conclude that the General Assembly did not intend to distinguish between the different types of agents involved in real estate transactions, but rather intended buyer's agents to have the same duties, obligations, and immunities as seller's agents under the act. Thus, we hold that chapters 20.8 and 20.6 of title 5 create a duty on the part of real estate agents to disclose to potential buyers of real property any material defects, as defined in the act, when such disclosable defects are within the agent's personal knowledge, and the agents know or should know that the buy-

er is acting under a misapprehension concerning facts "'which would be important to the buyer and could probably affect its decision.'" *Stebbins I*, 766 A.2d at 373. An alleged breach of that duty can be the basis for a negligence claim or a negligent omission claim, and, in the case of the buyer's own agent, a breach-of-fiduciary-duty claim.

## III

## Defendants' Other Arguments

### A. Agents Are Not Immune From All Liability for Alleged Nondisclosures of Material Information in Connection with Real-estate Transactions

The agents argue that our holding in *Kennett v. Marquis*, 798 A.2d 416 (R.I. 2002) (per curiam), is controlling in this case. In *Kennett*, this Court considered the liability of a seller's agent for alleged misrepresentations. The plaintiffs in *Kennett* argued that a groundwater report containing illegible information misled them into believing that the property did not contain wetlands, when in fact it did. *Id.* at 417. The plaintiffs sued the sellers' agent for intentional or negligent misrepresentation by providing a partially illegible report to the plaintiff-buyers. *Id.*

 This Court held that the sellers' agent was not liable for several reasons. First, we recounted the general common-law rule that "an agent [working] on behalf of a disclosed principal is not personally liable to a third party for acts performed within the scope of the [agent's] authority." *Id.* at 418 (quoting *Cardente v. Maggiacomo Insurance Agency, Inc.*, 108 R.I. 71, 73, 272 A.2d 155, 156 (1971)). Second, none of the exceptions to this rule applied in the *Kennett* case: (1) the challenged acts of the agent were not outside the scope of the agency; (2) the challenged acts were ones that the agent was bound

to perform under contract with the seller; and (3) the challenged acts were not within the scope of a disclosure duty independent of the agency relationship. *Id.* at 419.

In *Kennett*, we also observed that there was no evidence that the sellers' agent had supplied false information. *Kennett*, 798 A.2d at 419. If she had done so, she could have been liable for supplying false information in a business transaction. *Id.* (citing *Estate of Braswell v. People's Credit Union*, 602 A.2d 510, 512 (R.I.1992)). Also, we noted that there was no evidence that the sellers' agent in *Kennett* failed to exercise reasonable care in transmitting the information, "or that [sellers' agent] knew of the presence of wetlands on the property." *Id.* Nor was there evidence that the sellers' agent delivered "false information knowingly or intentionally." *Id.* Under these circumstances, we agreed that the sellers' agent was entitled to judgment as a matter of law.

One key difference, however, between *Kennett* and this case is that here some evidence suggests that both sets of real-estate agents were aware that the seller's property may have been defective because it was susceptible to severe erosion. If so, then, as noted in *Stebbins I*, this could give rise to a duty on the part of the agents— independent of the seller's disclosures—to disclose this information to the buyer.

### B. The Buyer Did Not Waive his Common–Law Negligence and Breach of Fiduciary Duty Claims

At oral argument, counsel for the agents suggested for the first time on this appeal that the buyer had waived any argument that his common-law claims for negligence and breach-of-fiduciary duty remained viable causes of action after our decision in *Stebbins I*. Specifically, they argued that buyer had failed to challenge the motion justice's granting of summary judgment on

these claims in either his prebriefing or supplemental statements in *Stebbins I*. As a result, they argued, he waived his right to raise such arguments on this appeal.

The failure of a party to challenge a trial court's ruling or to brief a particular issue on appeal results in a waiver of that issue. *See* S.Ct. R.App. P. 16(a) ("Errors not claimed, questions not raised and points not made [in a party's brief] ordinarily will be treated as waived and not considered by the court."). In particular, as we recently noted, "[i]ssues that *the appellant* fails to brief *are* waived on appeal." *See Roe v. Gelineau*, 794 A.2d 476, 482 n. 6 (R.I.2002) (citing *Wilkinson v. State Crime Laboratory Commission*, 788 A.2d 1129, 1131 n. 1 (R.I.2002)). (Emphases added.)

We agree with defendants that claims first decided by the trial court and then not raised in this Court by an appellant—either in the appellant's brief, or, for cases placed on the show-cause calendar, in that party's prebriefing or supplemental show-cause statements—are deemed waived, both for purposes of the appeal at issue, and throughout any future proceedings after the case is remanded. *See James J. O'Rourke, Inc. v. Industrial National Bank of Rhode Island*, 478 A.2d 195, 198 n. 4 (R.I.1984) (explaining that a party's failure to brief and argue a previously dismissed claim on appeal constitutes a waiver of that issue). In this case, however, after reexamining each of the prebriefing and supplemental show-cause statements submitted by the parties in *Stebbins I*, we cannot conclude, as the agents urge, that the buyer failed in his previous appeal to challenge the court's grant of summary judgment with respect to his common-law negligence and breach-of-fiduciary-duty claims.

In the buyer's supplemental show-cause statement in *Stebbins I*, he specifically raised as a point of error the motion justice's granting of summary judgment on his breach-of-fiduciary-duty claim against the buyer's agent. Indeed, the buyer devoted three pages of his supplemental statement in *Stebbins I* to this argument, quoting § 5–20.6–6, and concluding with the contention that "[i]n granting summary judgment, the [t]rial [c]ourt ignored the statutorily imposed fiduciary duties between [the buyer's agent] and [the buyer] and its ruling should be reversed for this reason as well." Besides arguing for recognition of a private cause of action for damages under chapter 20.8 of title 5, the buyer's supplemental statement challenged the motion justice's granting of summary judgment with respect to his common-law negligence claims against all defendants:

"Even if [§ 5–20.8–1 et seq.] did not recognize such a private right of action * * *, the Disclosure Statute still establishes a *per se* negligence claim against defendants. It is black letter law that '[w]hen a statute provides that under certain circumstances particular acts shall or shall not be done, it may be interpreted as fixing a standard for all members of the community, from which it is negligence to deviate.' [W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 36 at 220 (5th ed.1984)]. Accordingly, [the buyer argued] the Disclosure Statute both creates a private right of action and sets an appropriate standard of conduct for sellers and brokers of real estate—one that concededly has been violated here."

On this appeal, the buyer also has included arguments in his prebriefing statement suggesting that the Superior Court justice again erred in concluding that *Stebbins I* affirmed the grant of summary judgment against the buyer's common-law claims for negligence and for breach of fiduciary duty:

"[E]ven if the Trial Court was correct that there is no private right of action under the Disclosure Statute against brokers * * *, the Statute sets an appropriate standard of conduct under the negligence claim which remained in the case under *Stebbins I.*

"Similarly, the standard of care set out in the Disclosure Statute bears on the breach of fiduciary duty claim."

■ Because the buyer raised the dismissal of his breach-of-fiduciary duty and negligence claims as points of error in his original *Stebbins I* supplemental statement on appeal, and argued these same issues again in his prebriefing and supplemental show-cause statements on this appeal, we hold that he has not waived his claims for negligence, negligent omission, and breach of fiduciary duty. On the other hand, because buyer failed to challenge the Superior Court's granting of summary judgment against his claims alleging deceptive trade practices, civil racketeering violations, breach of contract, breach of the implied duty of good-faith and fair-dealing, and breach of warranty as points of error in *Stebbins I,* we deem these counts to have been waived and therefore, not part of this case in any future proceedings.

## Conclusion

We sustain the buyer's appeal in part and deny it in part. Holding that no separate private right of action for damages exists under chapter 20.8 of title 5 against sellers of real estate or real-estate agents, we affirm summary judgment in favor of the agent defendants with respect to count 10 of the plaintiff's amended complaint. But we vacate the summary judgments that entered in favor of the agents with respect to the negligence and breach-of-fiduciary-duty counts, and remand this case for trial against all the defendants with respect to the claims for alleged neg-

ligent omission and negligence and for breach of fiduciary duty against the buyer's agent. The buyer, we hold, has waived any right to proceed to trial on any other counts in the amended complaint because he failed on appeal to challenge the dismissal of these claims via summary judgment as reversible error. We also direct the court on remand to enter summary judgment in favor of the seller on count 10 of the complaint because the act does not provide buyers with a private right of action for damages against sellers of real estate for failing to provide the disclosures required by the act. Nevertheless, as was true for the agents, any violations of the act by the seller can be cited as breaches of the seller's legal duty to disclose in support of any negligence claims against the seller.