**In re DOUGLAS F.**

**No. 2002–589–Appeal.**

Supreme Court of Rhode Island.

Dec. 12, 2003.

Frank P. Iacono, Thomas J. Corrigan, Jr., for Plaintiff.

Catherine Gibran, Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY, and SUTTELL, JJ.

**OPINION**

**PER CURIAM.**

This case came before the Supreme Court on November 10, 2003, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. The respondent father, Douglas Fagundes, Jr. (father or respondent), has appealed from a Family Court judgment terminating his parental rights to his son, Douglas III (Dougie), pursuant to G.L. 1956 §§ 15–7–7(a)(2)(iii) and (a)(3). After hearing the arguments of counsel and reviewing the memoranda of the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

Dougie has been in the care of respondent's stepmother, Michelle Therrien (Michelle), for most of his life. At the time of his birth, October 26, 1995, Dougie lived in Michelle's home with his mother, Krista Wilson, and respondent. In August 1997, respondent and mother were arrested for possession of a controlled substance. As a result of this arrest, respondent was incarcerated at the Adult Correctional Institutions (ACI) until March 1999. Although mother continued to reside with Michelle, tension arose between the two women that led to the initial involvement of the Department of Children, Youth and Families (DCYF). In September 1997, Dougie was placed in Michelle's care, where he remained until respondent's release from the ACI.[1] Throughout respondent's incarceration, Michelle brought Dougie to the ACI for weekly visits.

In February 2000, Dougie was returned to respondent's care. Michelle continued to provide child care for Dougie and scheduled his medical appointments. On June 19, 2000, a Family Court justice terminated DCYF involvement, but upon learning that respondent was permitting Dougie to have contact with his mother, whose parental rights had been terminated, DCYF once again petitioned the court for custody. Dougie temporarily was placed in DCYF custody, and was returned to Michelle's home on October 26, 2000, pursuant to a Family Court order arising from allegations of improper parental care and supervision.

After Dougie's removal, DCYF was unable to locate respondent for several months, despite numerous attempts. The respondent, who has a long history of substance abuse, testified that he had a difficult time after losing custody of his son, and subsequently relapsed by abusing prescription drugs, heroin and alcohol. On February 28, 2001, respondent admitted to neglect based on his substance abuse and lack of housing.

The respondent and DCYF entered into two case plans aimed at reunification. These plans required respondent to obtain suitable housing and maintain a substance-free lifestyle. Because respondent failed to complete either case plan, DCYF filed a petition seeking termination on January 10, 2002. At the time of trial, March 27, 2002, respondent testified that he moved out of the Providence Rescue Mission two days earlier and was living at his girlfriend's home. He testified that although he could not currently support a child, he believed he would be able to support Dougie because it "probably wouldn't be difficult" to get full-time employment. Although respondent was participating in daily methadone treatments at Discovery House, he had not completed his substance abuse treatment program at the time of trial.

The trial justice found by clear and convincing evidence that respondent was unfit to parent Dougie and that termination of respondent's rights was in Dougie's best interests. In his written decision, the trial justice noted respondent's extensive history of substance abuse and inability to provide suitable housing for his son. The decision specifically noted that although he believed respondent loved Dougie, he found that their relationship was not that of a father and son; rather, it was that of "an older brother who stops by occasionally * * * and has no responsibility for the emotional or financial support of the child." Ultimately, the trial justice concluded that "the only chance that Dougie has to survive and to heal is to terminate [respondent's] rights" so that Michelle

---

1. The mother's parental rights were terminated in October 1999.

may assume "the role which she has always played in Dougie's life—his mother."

■ On appeal, respondent does not challenge the trial justice's finding of unfitness. Rather, respondent asserts that (1) termination of his parental rights is not in Dougie's best interests and (2) bias on the part of the trial justice prevented respondent from receiving a fair and impartial trial. The record discloses that respondent failed to raise the issue of bias at trial and failed to request the trial justice to recuse himself. Consequently, the bias argument was not preserved and is not properly before this Court.[2] Thus, the only issue before this Court is whether termination of respondent's parental rights is in Dougie's best interests.

■ "When reviewing a decree involving the termination of parental rights, this Court examines the record to determine whether legally competent evidence exists to support the findings of the trial justice." *In re Brianna D.*, 798 A.2d 413, 414 (R.I. 2002) (per curiam) (citing *In re Kristen B.*, 558 A.2d 200, 205 (R.I.1989)). Those findings are entitled to great weight and will not be disturbed unless the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong. *In re Christina V.*, 749 A.2d 1105, 1111 (R.I. 2000) (per curiam); *Kristen B.*, 558 A.2d at 204.

■ The respondent argues that termination is not in Dougie's best interests because the child is bonded with respondent and will continue to have contact with his father regardless of the termination of his parental rights. This argument is without merit.

■ "[A] parent's genuine love for [his] child, or an existence of a bond between parent and child, is not sufficient to overcome the child's fundamental right to a safe and nurturing environment." *Brianna D.*, 798 A.2d at 415 (citing *In re Rene B.*, 544 A.2d 137, 139 (R.I.1988)). This Court repeatedly has held that a child's best interests includes "the right of a minor child to reasonable care and maintenance, freedom from abuse or neglect, and the right to be given an opportunity to spend the remainder of his or her childhood in a family setting in which the child may grow and thrive." *Brianna D.*, 798 A.2d at 415 (quoting *In re Stephanie*, 456 A.2d 268, 271 (R.I.1983)). Children are entitled to permanency and should not be made to wait indefinitely for their parents to attain sobriety and gainful employment to provide them with a safe and stable environment. *In re Eric K.*, 756 A.2d 769, 772–73 (R.I.2000) (per curiam).

Although the record discloses that the respondent clearly loves Dougie and has made attempts at rehabilitation, these factors are insufficient to overcome Dougie's right to a permanent and stable home. Apart from a brief period between February 2000 to October 2000, Michelle has been Dougie's primary caretaker. At the time of trial, the respondent had failed to secure suitable housing or complete a substance abuse treatment program. The respondent never has assumed full responsibility for Dougie's emotional, financial or physical needs. There is ample legally competent evidence in the record to establish that termination of the respondent's parental rights was in Dougie's best interests.

**2.** Although the issue of bias is not before this Court for review, we note that the trial justice understandably was frustrated by the tortured travel of this case and respondent's difficult history; nevertheless, some of his probing examination of respondent was unfortunate because it conveyed a tone of incredulity and sarcasm.

For the foregoing reasons, the judgment terminating the respondent's parental rights entered in the Family Court is affirmed and the papers in this case are remanded to the Family Court.