**STATE**

**v.**

**Kenneth S. RICE.**

**No. 2001–155–C.A.**

Supreme Court of Rhode Island.

Dec. 12, 2002.

Aaron L. Weisman, Providence, for Plaintiff.

Paula Lynch Hardiman, Paula Rosin, Providence, for Defendant.

Present: LEDERBERG, FLANDERS and GOLDBERG, JJ., and SHEA, J. (Ret.).

## OPINION

PER CURIAM.

This appeal from the denial of a motion to reduce sentence came before the Court for oral argument on November 6, 2002, pursuant to an order that had directed the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the arguments of counsel and the memoranda filed by the parties, we are of the opinion that cause has not been shown and shall proceed to decide the case at this time.

The defendant, Kenneth S. Rice, was convicted by a jury of three counts of first-degree child sexual molestation, one count of second-degree child sexual molestation and two counts of solicitation with intent to commit a felony. The facts of the case may be found in *State v. Rice,* 755 A.2d 137 (R.I.2000), in which this Court upheld his convictions. The defendant was sentenced to serve a cumulative term of imprisonment of seventy years on the various convictions. One of the sentences imposed was an additional ten-year term of imprisonment as a habitual offender. The trial justice also ordered that defendant would not be eligible for parole for thirty years.

■ The only question before the Court is whether a trial justice may sentence a defendant to be ineligible for parole for a term that is longer than the habitual offender portion of his or her sentence. The defendant maintains that G.L.1956 § 12–19–21(B), as amended by P.L.1988, ch. 402 § 1 the habitual offender statute, does not give the trial justice such authority and that it was error to impose a thirty-year restriction on his eligibility for parole. Instead, he asserts that the trial justice was limited to sentencing him to a maximum of ten years without parole because that was the sentence he received as a habitual offender. It is argued that this thirty-year restriction on parole prevents defendant from being able to participate in certain counseling and rehabilitative services that normally would be available at the prison.

■ "Generally when a statute expresses a clear and unambiguous meaning, the task of interpretation is at an end and this [C]ourt will apply the plain and ordinary meaning of the words set forth in the statute." *State v. Smith,* 766 A.2d 913, 924 (R.I.2001) (quoting *State v. Bryant,* 670 A.2d 776, 779 (R.I.1996)). In cases in which there is ambiguous statutory language "the primary object of the [C]ourt is to ascertain the legislative intention from a consideration of the legislation in its entirety, viewing the language used therein in the light, nature, and purpose of the enactment thereof." *Id.* (quoting *Mason v. Bowerman Bros., Inc.,* 95 R.I. 425, 431, 187 A.2d 772, 776 (1963)). "When the meaning of a criminal statute is ambiguous, the policy of lenity in the construction of criminal statutes requires that the less harsh of two possible meanings be adopted." *Id.* (quoting *State v. Anthony,* 422 A.2d 921, 925 (R.I.1980)). That is because "[p]enal statutes must be strictly construed in favor of the party upon whom a penalty is to be imposed." *Id.* (quoting *Bryant,* 670 A.2d at 779).

Section 12–19–21(B), the habitual offender statute, provided in pertinent part that:

"If it appears by a preponderance of the evidence presented that the defendant is an habitual criminal under section 12–19–21, he [or she] shall be sentenced by the court to an additional consecutive *term of imprisonment* of not exceeding twenty-five (25) years; and provided further, that the court shall order the defendant to serve a minimum number of years of said *sentence* before he [or she] becomes eligible for parole." (Emphasis added.)

The state argues that the use of the terms "sentence" and "term of imprisonment" in the statute have different meanings and urges us to interpret "term of imprisonment" to refer only to the additional habitual offender portion of the sentence, and the "minimum number of years of the sentence" to refer to the entire sentence. In view of our mandate to strictly construe penal statutes, we are of the opinion that the Legislature's use of different terms in the statute is not significant in this case—those terms appear to have been used interchangeably. We believe, therefore, that the Legislature intended to permit a trial justice only to order a "defendant to serve a minimum number of years" of the additional "term of imprisonment" to which he or she was sentenced under the habitual offender statute.

This interpretation comports with our statutory scheme regulating parole. General Laws 1956 § 13–8–8 gives the parole board jurisdiction to control a prisoner's sentence.[1] Section 13–8–9 indicates that the parole board has control over a prisoner's sentence except in cases in which the prisoner "is sentenced to imprisonment for life or confined as an habitual criminal under the provisions of § 12–19–21[.]" Thus, when a prisoner is sentenced to serve an "additional sentence" without parole, pursuant to the habitual offender statute, the parole board does not have authority over that portion of the sentence

regardless of whether the prisoner already has served one-third of his or her sentence.[2] Consequently, in the present case, because the defendant was sentenced to serve an additional ten years in prison pursuant to the habitual offender statute, he could have been ordered to serve an additional consecutive term of no more than ten years in prison before becoming eligible for parole under that portion of his sentence.

For the foregoing reasons, the defendant's appeal is sustained. That portion of the judgment of conviction at issue is vacated, and the papers in the case are remanded to the Superior Court for entry of a new judgment consistent with this opinion.

Chief Justice WILLIAMS did not participate.

---

1. General Laws 1956 § 13–8–8 provides:
   "Whenever a person convicted of any offense shall be sentenced to be imprisoned in the adult correctional institutions for a period of more than six (6) months, his or her sentence shall be subject to the control of the parole board as provided for in this chapter."

2. Section 13–8–9 provides in pertinent part:
   "The parole board, in the case of any prisoner whose sentence is subject to its con-

trol, unless that prisoner is sentenced to imprisonment for life, and unless that prisoner is confined as an habitual criminal under the provisions of § 12–19–21, may, by an affirmative vote of a majority of the members of the board, issue to that prisoner a permit to be at liberty on parole, whenever that prisoner has served not less than one-third (1/3) of the term for which he or she was sentenced."