DECISION
Before this Court is the defendant's, Kenneth S. Rice (defendant), motion to correct his sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure. Having considered the record, the memoranda filed by the defendant and the oral arguments, this Court holds that the defendant's claims are denied in part and granted in part.
 I Facts and Travel
On March 9, 1998, the defendant was convicted by a jury of three counts of first-degree child molestation sexual assault (counts 1, 2, and 3), one count of second-degree child molestation sexual assault (count 4), and two counts of solicitation with the intent to commit a felony (counts 5 and 6). As a result, he was sentenced to life imprisonment for count 1 (first-degree child molestation sexual assault), to run consecutively to a twelve-year sentence defendant already was serving as a result of his probation violation after a previous conviction for second-degree child molestation sexual assault. The defendant further received concurrent fifty-year sentences for his convictions on counts 2 and 3 (both first-degree child molestation sexual assault charges). On count 4 (second-degree child molestation sexual assault), the *Page 2 
defendant was sentenced to ten years to run consecutively to count 1's life sentence, and defendant received concurrent sentences of five years on counts 5 and 6. Finally, the Court, upon declaring defendant a habitual offender pursuant to G.L. 1956 § 12-19-21, sentenced him to an additional ten years to run consecutively to the sentences already imposed. Due to his habitual offender status, the trial justice ruled that defendant would be ineligible for parole for thirty years. The facts underlying defendant's convictions are detailed in State v.Rice, 755 A.2d 137 (R.I. 2000), in which the Rhode Island Supreme Court upheld defendant's convictions.
Subsequent to sentencing, defendant moved this Court to reduce his sentence, which motion was denied. The Supreme Court, however, reversed this Court's ruling, holding that G.L. 1956 § 12-19-21(b), the habitual offender statute, does not authorize the trial justice to impose a restriction on a defendant's eligibility for parole greater than the habitual offender portion of his or her sentence. That decision is reported at State v. Rice, 811 A.2d 1144, 1146 (R.I. 2002).
On February 22, 2007, defendant moved this Court to correct his sentence, arguing that (1) discrepancies between his judgment of conviction form and the sentencing transcript warrant a decrease from fifty years imprisonment to five years imprisonment on counts 2 and 3 and (2) in light of the Rhode Island Supreme Court's decision inRice, 811 A.2d 1144, his ineligibility for parole must be reduced from thirty years to no more than ten years.
 Counts 2 and 3
The defendant argues that his judgment of conviction and commitment erroneously reflects that he was sentenced to concurrent fifty-year sentences for his convictions on counts 2 and 3, both first-degree child molestation sexual assault charges. According to defendant, the sentencing transcript indicates that the trial justice announced his actual sentence as five years on each of these counts. Although defendant vehemently disputes his sentence, he never before *Page 3 
filed a motion specifically requesting that this portion of his sentence concerning counts 2 and 3 be reduced or corrected.
After reviewing the sentencing transcript and defendant's judgment of conviction, all reasonable inferences support that there is a mistake in defendant's sentencing transcript, not in his judgment of conviction. Pursuant to Rule 36 of the Superior Court Rules of Criminal Procedure, such "[c]lerical mistakes in judgments, orders or other parts of therecord and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative * * *." (Emphasis added.) In this case, it is clear that the transcript mistakenly reflects that defendant was sentenced to five, not fifty years for first-degree child molestation sexual assault. At the time of defendant's conviction, such a charge carried a minimum sentence of not less than twenty (20) years. G.L. 1956 § 11-37-8.2 (2002 Reenactment). The statutory minimum alone leads to the inescapable conclusion that defendant could not be sentenced to as few as five years for each of these offenses. Because fifty-years more closely parallels the life sentence imposed for the identical charges on count 1, this Court is further convinced that fifty years each for counts 2 and 3 were intended. Finally, the sentencing transcript reflects the Court's concern about the gravity of the offenses committed:
 "I'm satisfied that I have to give you a life sentence on at least one of these counts. And I'll do it for Count 1. And that that life sentence has to be consecutive; that is, following the term that you were serving as a violator. As to Count 2 and 3, which are just as egregious as Count 1, the Court is going to sentence you to five years on each, concurrent to the life sentence given you in Count 1." (Emphasis added.).
The Court thus made it clear that it recognized counts 2 and 3 as equally severe as count 1 and, accordingly, intended to impose severe sentences for all three. In light of the foregoing, reasonable minds could not conclude that a five-year sentence was intended to be imposed for a *Page 4 
crime the sentencing justice characterized as equally egregious as one for which life imprisonment was imposed. Therefore, this Court finds no error in defendant's judgment of conviction.
 Eligibility for Parole
Although defendant's next request is not abundantly clear, it appears that he urges this Court to correct his sentence to reflect the Supreme Court's ruling in State v. Rice, 811 A.2d 1144 (R.I. 2002). In that case the Supreme Court held that the trial justice erred by imposing a restriction on defendant's eligibility for parole for greater than the amount of time he was sentenced to serve for being a habitual offender.Id. at 1146. The Supreme Court vacated this portion of defendant's sentence and remanded the case for entry of a new judgment consistent with its opinion. Id.
In light of the Supreme Court's decision, this Court is constrained to restrict defendant's ineligibility for parole to ten years — the amount of time he was sentenced for being a habitual offender.
 CONCLUSION
For the foregoing reasons the defendant's motion for a corrected sentence is hereby denied with respect to his convictions for first-degree child molestation sexual assault, but granted with respect to the limitation on his habitual offender sentence so that, in accordance with the Supreme Court's decision in Rice, the defendant is eligible for parole after he serves ten years. *Page 1