STATE

v.

**Kenneth S. RICE.**

**No. 2007–201–C.A.**

Supreme Court of Rhode Island.

Jan. 20, 2010.

Christopher R. Bush, Department of Attorney General, for Plaintiff.

Mark B. Laroche, Esq., Providence, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, and ROBINSON, JJ.

## OPINION

Chief Justice SUTTELL, for the Court.

The defendant, Kenneth S. Rice, appeals from a Superior Court order denying his motion to correct sentence with respect to his convictions on two counts of first-degree child molestation sexual assault. Mr. Rice's motion to correct was based on a discrepancy between the wording of the judgment of conviction and the transcript of his sentencing hearing. The former sets forth sentences of fifty years for each count, whereas the latter provides that he shall serve five years for each count. For the following reasons, we affirm the order of the Superior Court.

In 1998, a jury convicted defendant of three counts of first-degree child molestation sexual assault, one count of second-degree child molestation sexual assault, and two counts of solicitation with intent to commit a felony. The convictions were related to sexual crimes committed against two minor victims over a period of approximately twenty months. The defendant's convictions were affirmed by this Court in 2000. *State v. Rice*, 755 A.2d 137 (R.I. 2000).

It is undisputed that defendant was sentenced to life imprisonment on one of the three counts of first-degree child molestation sexual assault (count 1). Further, defendant received ten years on the second-degree child molestation sexual assault count (count 4), which was to run consecutively to the life sentence; five years on each of the two solicitation counts, to run concurrently (counts 5 and 6); and an additional ten years for being a habitual offender, to be served consecutively to the other sentences. The defendant alleges, however, that the judgment of conviction and commitment erroneously recites that he is to serve fifty years, to run concurrently to his life sentence, on each of the other two first-degree child molestation sexual assault counts (counts 2 and 3). Mr. Rice contends that the trial justice sentenced him orally to five years on each count. To support this contention, defendant points to the transcript of the trial justice's announcement of sentencing, which sets forth in pertinent part:

> "I'm satisfied that I have to give you a life sentence on at least one of these counts. And I'll do it for Count 1. And that that life sentence has to be consecutive; that is, following the term that you were serving as a violator. As to Count[s] 2 and 3, which are just as egregious as Count 1, the Court is going to sentence you to five years on each, concurrent to the life sentence given to you in Count 1."

A judgment of conviction and commitment reflecting, *inter alia*, sentences of fifty years on counts 2 and 3 was entered on May 8, 1998, the date of the sentencing hearing. The judgment also stated that defendant would not be eligible for parole for thirty years. In 2000, defendant filed a motion to reduce sentence under Rule 35 of the Superior Court Rules of Criminal Procedure and, on appeal, this Court vacated that portion of the judgment concerning his ineligibility for parole, holding that under the habitual-offender statute, G.L. 1956 § 12–19–21, "he could have been ordered to serve an additional consecutive term of no more than ten years in prison before becoming eligible for parole under that portion of his sentence." *State v. Rice*, 811 A.2d 1144, 1146 (R.I.2002). Upon remand, a new judgment of conviction and commitment was entered, again reciting fifty-year sentences on both counts 2 and 3.

The defendant filed a motion to correct his sentence, also under Super. R.Crim. P. 35, on February 22, 2007, nearly nine years after the original judgment of conviction and commitment had been entered.[1] The trial justice denied defendant's motion in a written decision issued on April 10, 2007, and defendant appealed.

■■■ The defendant advances a number of arguments on appeal. All of defendant's arguments are barred, however, because he made statements through his attorney, on at least two occasions in 2000 in the context of his original Rule 35 motion, which amount to judicial admissions. "A judicial admission is a deliberate, clear, unequivocal statement of a party about a concrete fact within that party's knowledge[,]" which is "considered conclusive and binding as to the party making [it]." 29A Am.Jur.2d *Evidence* § 783 at

48, 49 (2008); *see also* Black's Law Dictionary 54 (9th ed. 2009) (noting that a judicial admission "relieves an opposing party from having to prove the admitted fact and bars the party who made the admission from disputing it"). In other words, "[a] judicially admitted fact is conclusively established." *Crafford Precision Products Co. v. Equilasers, Inc.*, 850 A.2d 958, 963 (R.I.2004) (quoting *DiLuglio v. Providence Auto Body, Inc.*, 755 A.2d 757, 767 (R.I.2000)).

We first observe that defendant's 2000 motion to reduce sentence was not predicated upon his current assertion that his sentences on counts 2 and 3 were for five years rather than fifty. On the contrary, defendant clearly stated that his sentence comprised "fifty years concurrent on Counts 2 and 3[.]" Further, counsel for defendant, at the hearing on that motion, stated in open court: "The sentence that you imposed was * * * 50 years concurrent on Counts [2 and 3]." Notably, defendant was in attendance at the hearing and spoke to the court at length after this statement, but he did not call attention to what he now alleges to be error.

■■■ We need not, however, base our decision in this case solely on the estoppel effect of the defendant's judicial admissions. *See State v. Verrecchia*, 880 A.2d 89, 97 n. 19 (R.I.2005). There are a number of factors pointing to the conclusion that the trial justice did, in fact, orally pronounce a sentence of fifty years, but that the transcript does not reflect this fact because of a typographical error. Significantly, a sentence of five years would have been illegal under the mandatory sentencing laws in force at the time of the commission of the crime and the defendant's sentencing. *See* G.L. 1956 § 11–37–

---

1. Rule 35 of the Superior Court Rules of Criminal Procedure provides in part that

"[t]he Court may correct an illegal sentence at any time."

8.2, as amended by P.L. 1984, ch. 59, § 2. At all relevant times, a charge of first-degree child molestation sexual assault carried a minimum sentence of not less than twenty years. *Id.* Additionally, the trial justice stated during sentencing that counts 2 and 3 were "just as egregious as" count 1, for which he sentenced the defendant to life in prison. It is clear that fifty years more closely parallels the severity of the life sentence imposed for the identical charges on count 1 than five years. Thus, it is eminently reasonable to conclude that the trial justice, in fact, pronounced a sentence of fifty years, but that the stenographer incorrectly recorded that number in the transcript.

After reviewing the record, we agree with the trial justice that "all reasonable inferences support that there is a mistake in defendant's sentencing transcript, not in his judgment of conviction." Accordingly, we deem the defendant's contentions to be without merit. For the reasons set forth in this opinion, we affirm the order of the Superior Court. The record shall be returned to the Superior Court.