DECISION
Before this Court is a Super. R. Civ. P. 12(b)(6) motion to dismiss the complaint of Charles S. Faber ("Faber") and Karen M. Faber (collectively, "Plaintiffs"). After an automobile accident with an underinsured motorist, Plaintiffs discovered that the underinsured provision of their own insurance policy was lower than they expected. In their complaint, Plaintiffs allege both individual counts of negligence and counts of vicarious liability against their insurance company, agents, and brokers. The brokers and agents moved to dismiss the counts against them, arguing that they cannot be liable for actions taken on behalf of a disclosed principal. For the reasons discussed herein, the Defendants' motion is denied.
 I Facts and Travel
On April 24, 2007, Plaintiffs were involved in an automobile accident in Scottsdale, Arizona which left Faber suffering from severe personal injuries. The driver responsible for the *Page 2 
collision did not possess enough insurance to fully compensate Faber for these injuries. Plaintiffs attempted to recover under the Uninsured/Underinsured coverage ("UM coverage") provided by their own insurance policy with Defendants Chubb National Insurance Company ("Chubb National") and Chubb Indemnity Insurance Company ("Chubb Indemnity") (collectively, "Chubb"). Only after making such an attempt did Plaintiffs discover that their UM coverage was lower than they understood it to be.
Almost a decade before the accident, on October 14, 1998, Plaintiffs hired Defendant Francine A. McVay ("McVay") of the Wickford Insurance Agency, Inc. ("Wickford") to act as their insurance agent and advise them of their coverage needs. The complaint alleges that McVay failed to provide the levels of UM coverage Plaintiffs requested. Six years later, on February 22, 2006, Plaintiffs switched insurance agents and employed Defendant Lauren Albright ("Albright") of Mastors Servant, Ltd. ("Mastors Servant"). The complaint alleges that Albright failed to realize McVay's previous mistake, failed to competently advise Plaintiffs about appropriate levels of UM coverage, and ultimately failed to provide Plaintiffs with enough UM coverage to compensate them after a serious accident with an underinsured motorist.
Following the 2007 accident, Plaintiffs learned about the deficiencies in their UM coverage and filed suit against McVay, Wickford, Albright, Mastors Servant, and Chubb. Counts I and III allege that McVay and Albright each failed to exercise the same degree of care as a reasonably prudent licensed insurance broker under the same or similar circumstances. Counts II and IV seek to recover against Wickford and Mastors Servant based on a theory of vicarious liability. They allege that McVay and Albright were agents of Wickford and Mastors Servant and were acting within the scope of their employment at all relevant times. Similarly, *Page 3 
Count VII asserts that Chubb — as Plaintiffs' insurance provider — should be held vicariously liable for the alleged negligent acts of McVay, Albright, Wickford, and Mastors Servant.
Defendants Albright, Mastors Servant, McVay, and Wickford (collectively, the "Moving Defendants") move to dismiss Plaintiffs' Complaint pursuant to Super. R. Civ. P. 12(b)(6). These motions argue that the Moving Defendants cannot be liable to the Plaintiffs because the Complaint alleges that each of them was acting in an agency capacity on behalf of a disclosed principal.
 II Standard of Review
"The `sole function of a motion to dismiss' pursuant to Rule 12(b)(6) is `to test the sufficiency of the complaint.'"McKenna v. Williams, 874 A.2d 217, 225 (R.I. 2005) (quotingRhode Island Affiliate, ACLU, Inc. v. Bernasconi,557 A.2d 1232, 1232 (R.I. 1989)). In determining whether to grant a Rule 12(b)(6) motion to dismiss, this Court "assumes the allegations contained in the complaint to be true and views the facts in the light most favorable to the plaintiffs."Giuliano v. Pastina, Jr., 793 A.2d 1035, 1036-37 (R.I. 2002) (quoting Martin v. Howard, 784 A.2d 291, 297-98 (R.I. 2001)). Rhode Island courts have traditionally held that "a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) should be granted only when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief under any set of facts that could be proven in support of the claim." Siena, M.D. et al. v. MicrosoftCorp., 796 A.2d 461, 463 (R.I. 2002) (citing Bruno v.Criterion Holdings, Inc., 736 A.2d 99, 99 (R.I. 1999)).
"If a complaint contains multiple counts, a motion to dismiss may be directed to each of the counts or to the complaint as a whole . . . it would seem more in keeping with the spirit of the rules to construe such a motion as directed to each count of the complaint and to dispose of it *Page 4 
accordingly." Robert B. Kent et al., Rhode Island Civil andAppellate Procedure, § 12:9 (West 2006) (citing Miner v.Commerce Oil Refining Corp., 198 F. Supp. 887 (D.R.I. 1961),judgment vacated on other grounds,303 F.2d 125 (1st Cir. 1962); Mainelli v. Providence JournalCo., 201 F. Supp. 7 (D.R.I. 1961)).
 III Analysis A Separate Counts
In support of their arguments, the Moving Defendants cite paragraphs from various counts of Plaintiffs' complaint. When taken as true, these allegations indicate that McVay, Albright, Wickford, and Mastors Servant were, at all relative times, acting in an agency capacity for a disclosed principal. Based on this, the motion argues that none of the Moving Defendants can be held independently liable, and the counts against them should be dismissed.
Conversely, Plaintiffs argue that the Rules of Civil Procedure, which allow for the assertion of alternate and hypothetical claims, should prevent the Court from dismissing their Complaint. The motion to dismiss relies on combined allegations from different counts in order to support the argument that Plaintiffs should be precluded from recovery. Plaintiffs insist that their complaint easily survives this motion because each separate and distinct count should be examined independently. They aver that the complaint is properly drafted to place each Defendant on notice of the claims against them, and that those separate claims properly assert both individual responsibility and responsibility based upon agency relationships. Counts I and III allege individual acts of negligence against McVay and Albright; Counts II and IV aver that Wickford and Mastors Servant are vicariously liable for these acts; and Count VII asserts that Chubb is vicariously liable for the acts of all its agents. Plaintiffs argue that the Moving *Page 5 
Defendants' interpretation would prevent any complaint from ever raising claims against both an agent and its principal.
In order to properly determine the present dispute, this Court must examine the sufficiency of the Complaint and determine whether the separate counts should be combined or examined independently. As previously noted, Rhode Island courts have traditionally held that,
 [a] motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) should be granted only when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief under any set of facts that could be proven in support of the claim. Siena, M.D., 796 A.2d at 463.
Moreover, "courts are reluctant to dispose of [a] complaint on technical grounds in view of the policy . . . to determine actions on their factual and legal merits." 5B Wright Miller, FederalPractice and Procedure, Civil 3d § 1357 at 565-68 (2004).
Here, a number of counts in the complaint arguably allege incompatible results. The Moving Defendants argue that — taking Counts II and IV to be true — McVay and Albright will not be personally liable because they were operating in an agency capacity. However, Rule 8(e)(2) of the Rhode Island Superior Court Rules of Civil Procedure explicitly states:
 [a] party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal or equitable grounds or on both. . . .
In other words, "[w]hen statements are made alternatively, the insufficiency of one alternative does not taint the others. . . . [T]he plaintiff may rely on as many theories of recovery as the *Page 6 
circumstances of plaintiff's case will permit." Robert B. Kent et al., Rhode Island Civil and AppellateProcedure, § 8:8 (West 2006).
Counts I and III of Plaintiff's complaint assert negligence claims against McVay and Albright, alleging that they each "undertook to be Plaintiff's insurance agent/insurance broker advising Plaintiff[s] . . . as to [their] insurance coverage needs and providing various insurance services. . . ." (Compl. Count I, ¶ 1; Count III, ¶ 1.) The only relationships — agency or otherwise — addressed in these counts are between the individual brokers and the Plaintiffs. Conversely, Counts II and IV allege agency relationships between the brokers and their employers, and an agency relationship with Chubb is only mentioned vaguely in Count VII. The complaint sets forth separate claims which each allege a different relationship and a different cause of action. This Court remains cognizant of our liberal pleading standard. See Bragg v. Warwick Shoppers World,Inc., 102 R.I. 8, 11-12, 227 A.2d 582, 584 (1967). "The policy behind these liberal pleading rules is a simple one: cases in our system are not to be disposed of summarily on arcane or technical grounds." Hendrick v. Hendrick, 755 A.2d 784, 791 (R.I. 2000) (quoting Haley v. Town of Lincoln,611 A.2d 845, 848 (R.I. 1992)). Therefore, the Court declines to dismiss the complaint simply because some of the claims may seem to contradict one another. Instead, the Court chooses to consider each count separately.
 B Judicial Admissions
In the instant matter, the Moving Defendants insist that certain allegations in Plaintiffs' complaint are judicial admissions which are conclusively established. Specifically, they point to Counts II and IV which allege that "[a]t all relevant times herein mentioned, Defendant [McVay/ Albright] was an employee, agent, partner and owner of Defendant [Wickford/Mastors Servant]. In acting in that capacity, and within the scope of her employment, Defendant *Page 7 
[Wickford/Mastors Servant] is vicariously liable for Defendant [McVay/Albright]'s negligence." (Compl. Count II, ¶ 2-3; Count IV, ¶ 4-5.) The Moving Defendants argue that these allegations are judicial admissions which preclude Plaintiffs from denying the existence of agency relationships.
The Court finds this argument to be unavailing. It is true that "[a] judicially admitted fact is conclusively established."State v. Rice, — A.2d —,2010 WL 183420, at *2 (R.I. Jan. 20, 2010) (quoting CraffordPrecision Products Co. v. Equilasers, Inc.,850 A.2d 958, 963 (R.I. 2004) (quoting DiLuglio v. ProvidenceAuto Body, Inc., 755 A.2d 757, 767 (R.I. 2000)). In other words, it "relieves an opposing party from having to prove the admitted fact and bars the party who made the admission from disputing it"Id. (quoting Black's Law Dictionary 54 (9th ed. 2009)). However, "`[a] judicial admission is a deliberate, clear, unequivocal statement of a party about a concrete fact within that party's knowledge[,]' which is `considered conclusive and binding as to the party making [it].'" Id. (quoting 29A Am. Jur. 2d Evidence § 783 at 48, 49 (2008)). "An example of a judicial admission is a stipulation by a party's lawyer."Turners Falls Ltd. Partnership v. Board of Assessors ofMontague, 767 N.E.2d 629, 633 (Mass. App. Ct. 2002). Moreover,
 [w]here the testimony of the party relates, not to a fact peculiarly within his or her own knowledge and as to which the party could not be mistaken, but is in the nature of an estimate or opinion as to which he or she may honestly be mistaken, the party does not unequivocally concede that the fact is in accord with the opinion expressed and there is no injustice in permitting the court to consider the other evidence in the court, and determine from all the evidence what the actual facts are. 29A Am. Jur.2d Evidence § 783 at 48, 49 (2008).
Not every statement or allegation made by a party can properly be considered judicially admitted. See Rice, — A.2d —,2010 WL 183420, at *2. In order for an allegation to be a *Page 8 
judicial admission, it must be concrete, factual, and within the party's knowledge. Hypothetical statements and legal conclusions simply do not qualify.
The Court finds the arguments of the Moving Defendants to be misplaced. The allegations referred to are not "deliberate, clear, unequivocal statement[s] of a party about a concrete fact within that party's knowledge." Rice, — A.2d —, 2010 WL 183420 at *2. Nor are they facts "as to which [they] could not be mistaken." 29A Am. Jur.2d Evidence § 783 at 48, 49 (2008). Instead, these allegations are legal theories. When a court rules on a motion to dismiss, "[a]llegations that are more in the nature of legal conclusions rather than factual assertions are not necessarily assumed to be true." Doe ex rel. His Parents and NaturalGuardians v. East Greenwich School Dept.,899 A.2d 1258, 1262 n. 2 (R.I. 2006) (citing Avery v. RhodeIsland Hospital, 495 A.2d 254, 257 (R.I. 1985)). As such, this Court finds that the allegations of agency relationships are not judicial admissions which would preclude the Plaintiffs from disputing them.
 C Applicability of Cardente
The present dispute necessitates an examination ofCardente v. Maggiacomo Insurance Agency, Inc.108 R.I. 71, 272 A.2d 155 (1971). In Cardente, plaintiffs filed suit against their insurance agents and their insurance company when they were not provided the insurance coverage requested. Some of the defendants, who were the "authorized and appointed agents" of a national insurance carrier, moved for summary judgment. Our Supreme Court granted their motion and stated that
 an agent acting on behalf of a disclosed principal is not personally liable to a third party for acts performed within the scope of his authority. This principle applies to dealings between insurance agents and insureds. It is for this reason that an insurance agent who fails to make policy changes requested by an insured is not *Page 9 
responsible to the insured for that failure if when he agreed to procure the change he was acting for a disclosed carrier and had authority to do what he agreed to do. Id. at 156 (internal citations omitted).
Here, the Moving Defendants argue that this Court should applyCardente and dismiss the counts against them simply because the Complaint alleges they were acting on behalf of disclosed principals. However, the Court finds the instant matter readily distinguishable from Cardente. There, our Supreme Court upheld the granting of a motion for summary judgment only after finding that no possible issues of dual-agency existed. SeeCardente, 272 A.2d at 157. The plaintiffs stipulated
"that defendants were agents of the insurance companies and that there was no agency relationship whatsoever between [plaintiffs] and the defendants." Id. at 156-57. "Once the question of whose agents defendants were had been settled, there was no longer a genuine issue as to any material fact."Id. at 157. "[T]he uncontroverted facts would not support a recovery for plaintiffs against the[] defendants under any theory of law, [and] it became the trial justice's duty to grant defendants' motion for a summary judgment." Id.
As our Supreme Court noted in Nicholson v. Buehler,612 A.2d 693, 697 (R.I. 1992),
 In an opinion issued three days after Cardente, we stated that "[w]hile an agent working for a known principal is usually not personally liable for acts done within the scope of his authority, he may either expressly or impliedly incur such personal liability." (Emphasis added.) C.C. Plumb Mixes, Inc. v. Stone, 108 R.I. 75, 76, 272 A.2d 152, 154 (1971) (citing McCarthy v. Hughes, 36 R.I. 66, 88 A. 984 (1913)).
"If the agent has bound himself personally, he will be bound accordingly. His liability in such a case is not bound on his agency, but upon his contractual obligations." C.C. Plumb Mixes,Inc, 272 A.2d at 154. Cardente does not stand for the proposition that all insurance agents should be automatically dismissed from the complaint in which they are named. Rather, a more appropriate reading of Cardente and its related cases indicates that an insurance agent will be *Page 10 
excused from liability only when she (1) is acting solely on behalf of a disclosed insurance company, (2) is acting within the scope of her duties, and (3) has not undertaken any other obligation independent of her relationship with the insurance company.
Cardente is inapplicable to the present dispute because the complaint at issue raises the possibility of agency relationships as well as individual contractual obligations. Counts I and III explicitly allege that McVay and Albright personally owed Plaintiffs a duty because they "undertook for valuable consideration to be the Plaintiffs' insurance agent/insurance broker." Counts II and IV, allege that McVay and Albright were agents of Wickford and Mastors Servant respectively. Although the current factual scenario is similar to Cardente, it has one important difference. Here, there has been no stipulation that the Moving Defendants had an agency relationship with only the insurance carrier. As stated above, the allegations of agency relationships contained in the complaint are not judicial admissions which conclusively establish anything. Instead, the complaint alleges agency and contractual relationships between the Moving Defendants and Chubb, and also between McVay/Albright and the Plaintiffs. According to the complaint, the Moving Defendants were not actingsolely on behalf of Chubb. It has not been conclusively established that McVay and Albright had no other duties or obligations beyond their agency relationships with Chubb and their employers. As such, this Court finds Cardente to be inapplicable and consequently denies the motions to dismiss the complaint.
 VI Conclusion
Based on the foregoing, this Court denies the Moving Defendants' motion to dismiss. Here, two claims address the individual liability of McVay and Albright, two address the vicarious liability of Mastors Servant and Wickford, and one addresses the vicarious liability of Chubb. When viewing the Counts separately, this Court finds that they each state a valid *Page 11 
claim upon which relief may be granted. The agency allegations within the complaint do not act as judicial admissions because they lack an unequivocal character and are not concrete facts within the Plaintiffs' knowledge. Finally, Cardente relieves an insurance broker of liability only if it is undisputed that he or she was acting within the scope of his or her duties on behalf of a disclosed insurance company and has not undertaken any other independent relationship or obligation. No such facts have been conclusively established here. As a result, the Moving Defendants' motion to dismiss is denied
Counsel for Plaintiffs shall submit an order in accordance with this decision.