May 3, 2023

Raymond C. Romeo                    :

v.                    :

Allstate Property and Casualty        :
    Insurance Company.

NOTICE:    This opinion is subject to formal revision
before publication in the Rhode Island Reporter.  Readers
are requested to notify the Opinion Analyst, Supreme
Court of Rhode Island, 250 Benefit Street, Providence,
Rhode Island 02903, at Telephone (401) 222-3258 or
Email:    opinionanalyst@courts.ri.gov,        of      any
typographical  or  other  formal  errors  in  order  that
corrections may be made before the opinion is published.

Raymond C. Romeo         :

v.                       :

Allstate Property and Casualty    :
   Insurance Company.

Present:  Suttell, C.J., Goldberg, Robinson, and Lynch Prata, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.**  This case came before the Supreme Court

on February 2, 2023, pursuant to an order directing the parties to appear and show

cause why the issues raised in this appeal should not be summarily decided.  The

plaintiff, Raymond C. Romeo, appeals from a Superior Court judgment entered in

favor of the defendant, Allstate Property and Casualty Insurance Company

(Allstate).[1]  For the reasons set forth herein, we vacate the judgment of the Superior

Court.

---

[1] The notice of appeal erroneously provides that the plaintiff is appealing from a
judgment granted in his favor rather than in favor of the defendant.

## Facts and Travel

Although the travel of this case is somewhat muddled and less than smooth, the underlying facts are straightforward—the parties having submitted a Statement of Agreed Facts in the Superior Court—which is our starting point. On February 5, 2010, the residence plaintiff owned, located at 10 Shirley Drive in Cranston, Rhode Island, suffered "a water loss followed by ice and flood." At the time, the residence was insured under a Homeowners Policy (the policy) issued by Allstate. The plaintiff made a claim for the loss under the policy and Allstate made a partial payment toward the damages. Although the parties agree that the loss was covered by the terms of the policy, they have been unable to agree as to the extent of the loss and the cost of remediation.

The policy mandated that, should the parties disagree as to the amount of the loss, either party could seek appraisal. The pertinent policy provision provides:

> "7. Appraisal
>
> "If you and we fail to agree on the amount of loss, either party may make written demand for an appraisal. Upon such demand, each party must select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire.

"The appraisers shall then determine the amount of loss, stating separately the actual cash value and the amount of loss to each item. If the appraisers submit a written report of an agreement to you and to us the amount agreed upon shall be the amount of loss. If they cannot agree, they will submit their differences to the umpire. A written award agreed upon by any two will determine the amount of loss.

"Each party will pay the appraiser it chooses, and equally bear expenses for the umpire and all other appraisal expenses." (Emphasis omitted.)

According to the parties, plaintiff initially sought to invoke this appraisal provision within the two-year window (the initial demand for appraisal). Allstate refused to proceed to appraisal because, it contended, the disagreement involved mixed issues of both valuation and coverage such that appraisal was not appropriate. As a result, plaintiff filed suit against Allstate for breach of contract in PC 11-229 (the first action).[2]

While the first action was pending, this Court issued its decision in *Hahn v. Allstate Insurance Company*, 15 A.3d 1026 (R.I. 2011), which defeated Allstate's defense by holding that "unless the insurer denies coverage for the claimed loss and if the dispute is limited to the amount or extent of the loss, the parties are required to submit to the appraisal process." *Hahn*, 15 A.3d at 1030. In an about-face, based

---

[2] Although the Statement of Agreed Facts provides that "[i]n 2011, plaintiff declined to pursue the appraisal process and instead filed suit against Allstate for breach of contract," in their briefs before this Court, both parties agree that plaintiff initially demanded appraisal immediately after the loss and Allstate refused to proceed to appraisal. Only thereafter did plaintiff file suit.

on *Hahn*, Allstate took the position that appraisal was a mandatory precondition to plaintiff's suit. Allstate filed a motion for summary judgment, arguing that the terms of the policy required that the dispute be resolved via appraisal and not litigation. Allstate relied on the following provision of the policy for this contention:

> "12. Action Against Us
>
> "No one may bring an action against us in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under coverage to which Section I Conditions applies, unless:
> > a) there has been full compliance with all policy terms; and
> > b) the action is commenced within:
> > > 1) two years after the inception of loss or damage due to fire or other peril covered by the Rhode Island Standard Fire Policy; or
> > > 2) one year after the inception of loss or damage due to perils other than fire or perils not covered by the Rhode Island Standard Fire Policy."[3] (Emphasis omitted.)

On February 27, 2012, Allstate filed an amended answer and a counterclaim, alleging that it had made a demand for appraisal in accordance with the policy. According to the counterclaim, plaintiff initially agreed that the claim should proceed to appraisal before filing suit. Allstate's counterclaim sought an order from

---

[3] Both parties agree that the provision in Section 12(b)(1) of the policy is applicable to the present case, requiring that any action against Allstate be filed within two years of the loss.

the trial justice declaring that the parties were required to submit the matter to appraisal.

Allstate's motion for summary judgment was heard on December 11, 2012. During the hearing, Allstate urged the trial justice to grant its motion for summary judgment, arguing that the matter was "required to be submitted to appraisal per the insurance contract * * *." The plaintiff agreed that appraisal would be proper as long as the disagreement as to the amount of the loss could be resolved during the appraisal process. In short, both parties agreed that the loss was covered, but disagreed as to the amount of the loss. When asked by the trial justice whether the amount of the loss was "something that would be analyzed during the appraisal process," both parties agreed that it fell within the scope of the appraisal process. Thus, at the conclusion of the hearing, all parties were in agreement that appraisal was the proper forum for resolution of the dispute. Based upon this agreement, the trial justice granted the motion for summary judgment "without prejudice" and assured plaintiff that "if the appraisal process doesn't allow you to address [the] issues, then you can press your case at a later date. I think you'll have enough time to do that." At the time the trial justice granted Allstate's motion for summary judgment, two years had already passed from the date of the loss. The plaintiff had previously demanded appraisal, been rebuffed by Allstate, and filed suit.

In accordance with his bench decision, the trial justice entered an order on January 11, 2013 granting Allstate's motion for summary judgment "without prejudice." Final judgment entered thereafter, although that judgment is inexplicably absent from the record on appeal.[4] The plaintiff filed neither a motion for reconsideration nor an appeal from the judgment.

More than four years later, on March 7, 2017, plaintiff designated an appraiser and requested that Allstate do the same.[5] Allstate responded to plaintiff's demand by way of a letter dated May 30, 2017, and refused to appoint an appraiser and move forward with the appraisal process based upon its assertion that plaintiff's demand for appraisal "was not timely filed, in accordance with the requirements of the policy and, therefore, Allstate will not agree to proceed with appraisal for this loss."

---

[4] Although we cannot locate a copy of the final judgment in the record on appeal, despite our thorough review, a docket entry in the first action provides that plaintiff shall take nothing from defendant and that the action is dismissed on the merits. Furthermore, during an April 16, 2021 hearing, the trial justice stated that "it does appear that a judgment was submitted by counsel for Allstate; and the judgment states that, 'It's ordered that the defendant -- that plaintiff's action against Allstate Insurance Company be dismissed on the merits.'"

[5] Although the policy provides that, after a demand for appraisal is made, "each party must select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received," Allstate does not raise this issue on appeal. Furthermore, there is no evidence in the record as to whether Allstate selected an appraiser within 20 days after plaintiff's initial demand for appraisal was made or after the trial justice granted its motion for summary judgment in the first action. During a hearing before the trial justice, counsel for plaintiff confirmed that there was nothing in the record as to any communications between the parties from 2012 to 2017.

According to Allstate, this second demand for appraisal was subject to the same two-year limitation period contained within the policy, which had long since passed, and plaintiff failed to make a demand within that time period.

The plaintiff sent a response letter to Allstate on June 12, 2017, disagreeing with Allstate's new tactic and arguing that the two-year limitation period in the policy concerned "lawsuits, not demands for appraisal." The plaintiff noted that the first action against Allstate was timely filed within the two-year limitation period and that action was dismissed "without prejudice" with the understanding that the dispute would proceed to appraisal.

In a brief reply letter, Allstate explained that, after the December 11, 2012 hearing on its motion for summary judgment, plaintiff never "made a demand for appraisal for more than four years * * *." Thus, "[u]nder the circumstances," Allstate "maintain[ed] its denial of the claim for appraisal * * *."

The plaintiff commenced the instant action on September 15, 2017. The complaint sets forth five counts. In count one, plaintiff asks the court to vacate the judgment entered in the first action. In count two, plaintiff alleges that Allstate breached the insurance contract by refusing to designate an appraiser and proceed to appraisal. The plaintiff seeks relief in the form of a judgment ordering Allstate to designate an appraiser and to complete the appraisal process. The plaintiff also asks the court, in count three, to declare that Allstate is obligated to resolve the dispute

via appraisal and order Allstate to comply with that obligation. Count four sounds in breach of contract for Allstate's refusal to pay for the loss and for failing to proceed to appraisal. Lastly, count five alleges insurer bad faith. The bad-faith claim was severed and stayed by the court on December 18, 2017.[6]

Thereafter, both parties moved for summary judgment and, on January 9, 2019, a hearing was held on those motions before a different justice of the Superior Court. The trial justice declined to rule on the motions as to count one, which sought to vacate the judgment in the first action, explaining that it would be more appropriate for the trial justice who entered judgment in the first action to address the motions as to that count.

As to counts two, three, and four, Allstate argued that both the instant case and the demand for appraisal made in 2017 were not timely filed, as the policy requires that any action, including a demand for appraisal, be brought within two years of the date of the loss. Allstate noted that summary judgment was granted in the first action on December 11, 2012, and asserted that "[p]laintiff never demanded appraisal until March 7th of 2017."

The plaintiff responded, arguing that the trial justice in the first action granted summary judgment without prejudice based upon the understanding that "the sole

---

[6] The order granting the motion to sever and stay the bad-faith count was filed under the first action and therefore mistakenly docketed in PC 11-229.

forum in which a disagreement about the nature and extent of the loss would be resolved is in the appraisal process. So that's where the [c]ourt said this shouldn't be resolved by litigation, it should be resolved by appraisal * * *." The plaintiff explained that "[u]nfortunately, it took a long time to get an appraiser who would undertake [the case]." The plaintiff argued that summary judgment in the first action was granted in December 2012, at which point the two-year limitation period set forth by the policy had already lapsed. Therefore, plaintiff asserted, the understanding that appraisal would go forward after that judgment contradicted Allstate's contention that appraisal was time-barred.

The trial justice granted Allstate's motion for summary judgment as to counts two, three, and four and denied plaintiff's motion as to the same. An order reflecting this decision entered thereafter.

The parties again filed cross-motions for summary judgment as to count one of the complaint. A hearing was held on April 16, 2021, before the trial justice who granted the motion for summary judgment without prejudice in the first action. The trial justice denied plaintiff's request to vacate the judgment in the first action, explaining that plaintiff had not filed a motion for reconsideration or a motion to correct. He also determined that the judgment was not void, nor was there evidence of inadvertence, surprise, excusable neglect, or fraud. As a result, the trial justice granted Allstate's motion for summary judgment as to count one and denied

plaintiff's motion as to the same. An order denying plaintiff's motion and granting Allstate's motion was entered.

Allstate filed a motion to dismiss as to the severed, and stayed, insurer bad-faith count and for entry of judgment in its favor pursuant to Rule 58(a)(1) of the Superior Court Rules of Civil Procedure. A hearing was held on July 20, 2021, and the trial justice issued an order granting Allstate's motion.[7] Final judgment entered for Allstate. This appeal followed.

**Standard of Review**

"[T]his Court reviews a grant of summary judgment *de novo*." *Willner v. South County Hospital*, 222 A.3d 1251, 1255 (R.I. 2020) (quoting *Ballard v. SVF Foundation*, 181 A.3d 27, 34 (R.I. 2018)). We "apply the same standards as those used by the trial court." *Hazard v. East Hills, Inc.*, 45 A.3d 1262, 1268 (R.I. 2012) (quoting *Tavares ex rel. Guiterrez v. Barbour*, 790 A.2d 1110, 1112 (R.I. 2002)). "We will affirm such a decision only if after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Broccoli v. Manning*, 208 A.3d 1146, 1149 (R.I. 2019) (quoting *Prout v. City of Providence*, 996 A.2d 1139, 1141 (R.I. 2010)).

---

[7] Although Allstate moved to dismiss count five, the order grants Allstate's motion "for the entry of an Order dismissing Count IV * * *." We deem this a scrivener's error.

- 10 -

## Analysis

We are confronted with a case in which both parties were in agreement, in 2012, that this insurance coverage dispute should be resolved by way of the appraisal process. Unfortunately, an appraisal never occurred. After summary judgment "without prejudice" was granted in the initial action, plaintiff alleges he experienced difficulty in finding an appraiser who would undertake the appraisal due to the uniqueness of his house.[8] More than four years passed before plaintiff was able to appoint an appraiser, at which point Allstate asserted that plaintiff was barred from pursuing his claim because a demand for appraisal was not timely filed.

Allstate claims that the court did not err in granting its motions for summary judgment in the case before us because plaintiff failed to appoint an appraiser for more than four years after summary judgment was entered in Allstate's favor, and, therefore, it is no longer obligated to proceed to appraisal. Specifically, Allstate argues that plaintiff's 2017 demand for appraisal was not timely made pursuant to the two-year time limitation within the policy, without explicitly setting forth when this two-year limitation commenced or addressing the inescapable fact that the

[8] Counsel for plaintiff explained, before the trial justice, that "[u]nfortunately, this is a house in which essentially nothing was from Home Depot. There were custom made bricks from Yorkshire in England. There were custom made tiles from Italy. There was gumwood similar to what's in Courtroom 3 that is now illegal to import because it's an endangered species of the tropics, so this turned into a complicated process. * * * Unfortunately, it took a long time to get an appraiser who would undertake this."

- 11 -

two-year limitation had already lapsed at the time the 2012 summary judgment entered after Allstate insisted the case proceed to appraisal.

The plaintiff, on the other hand, claims that the court erred in granting Allstate's motions for summary judgment in the case at hand. Specifically, plaintiff contends that the court erred in concluding that the present case was time-barred. The plaintiff asserts that he demanded appraisal well within the two-year limitation set forth in the policy as he "demanded appraisal almost immediately after the loss"—before initiating the first action in 2011 and well within the two-year time limitation. Therefore, Allstate's refusal to proceed to appraisal after he named an appraiser in 2017 was improper. As a result, plaintiff argues, "[j]ustice requires that [the] judgment [in the first action] be vacated * * * and the matter proceed to appraisal."[9] We agree.

"[T]his Court interprets the terms of an insurance policy according to the same rules of construction governing contracts." *Atmed Treatment Center, Inc. v. Travelers Indemnity Company*, 285 A.3d 352, 360 (R.I. 2022) (quoting *Town of Cumberland v. Rhode Island Interlocal Risk Management Trust, Inc.*, 860 A.2d 1210, 1215 (R.I. 2004)). "The rights and liabilities of the parties to an insurance

---

[9] The plaintiff also argues that the court erred in failing to apply the doctrine of judicial estoppel or Rule 60(b)(5) and (b)(6) of the Superior Court Rules of Civil Procedure. We find it unnecessary to address these arguments because we conclude that plaintiff's initial demand for appraisal was not time-barred and controls the outcome of this case.

contract are to be ascertained in accordance with the terms as set forth therein." *DiIorio v. Abington Mutual Fire Insurance Company*, 121 R.I. 689, 694, 402 A.2d 745, 747 (1979). "Finally, this Court has held that a 'limitations period in an insurance policy is a term to which the parties are specifically bound.'" *National Refrigeration, Inc. v. Travelers Indemnity Company of America*, 947 A.2d 906, 910 (R.I. 2008) (quoting *DiIorio*, 121 R.I. at 694, 402 A.2d at 747).

Allstate relies on *Chase v. Nationwide Mutual Fire Insurance Company*, 160 A.3d 970 (R.I. 2017), *National Refrigeration*, 947 A.2d 906 (R.I. 2008), and *Machado v. Narragansett Bay Insurance Company*, 252 A.3d 1206 (R.I. 2021), to argue that plaintiff's demand for appraisal, made in 2017, was not timely.

In *Chase*, the insured did not demand appraisal until four years after the date of the loss. *Chase*, 160 A.3d at 972. The insurer refused to proceed to appraisal based on its contention that the demand was not timely made. *Id.* The insured filed suit and argued that the two-year limitation period did not begin to run until after the insurer denied its demand for appraisal. *Id.* at 974. This Court opined that: "As appealing as this reasoning may be on the surface, it is unavailing because the insurance contract clearly states that '[a]ny action must be started within two years after the date of loss or damage[,]' and not from the date that the claim is rejected. * * * In this case, the casualty loss occurred in June 2010, but the suit was not filed until four years later, in November 2014." *Id.* (emphasis omitted).

Allstate also cites *National Refrigeration* and *Machado* for the proposition that contractual limitation periods apply not only to lawsuits, but also to demands for appraisal. In *National Refrigeration*, this Court held that a petition for arbitration of an appraisal dispute was a legal action subject to the two-year limitation period in the insurance contract. *National Refrigeration*, 947 A.2d at 910. In *Machado*, the insurance policy provided the insured with 180 days from the date of the loss to file a claim. *Machado*, 252 A.3d at 1207. The insured, however, "waited over 600 days before attempting to invoke the appraisal clause of their insurance policy." *Id.* at 1210. This Court concluded that the insured's "conduct in waiting almost two years before seeking to invoke the appraisal clause of their homeowners insurance policy" relieved the insurer of its responsibilities under the insurance policy. *Id.*

Accordingly, Allstate's reliance on *Chase*, *National Refrigeration*, and *Machado* is misplaced. Indeed, unlike the cases Allstate cites, plaintiff in fact made a timely demand for appraisal, prior to 2017. Both parties have acknowledged in their representations before this Court that after the loss, which occurred on February 5, 2010, plaintiff demanded appraisal; Allstate refused to proceed to appraisal, arguing that portions of plaintiff's alleged loss were not covered by the policy. Only then did plaintiff instigate suit, sometime in 2011. Because the two-year limitation period would have ended on February 5, 2012, plaintiff's original demand for appraisal and the initial action brought in 2011 were timely, as they fell within the

requisite limitation period. Thus, neither was time-barred. The clock does not begin to run again.

Furthermore, in the first action, in both its motion for summary judgment and during a hearing on the same, Allstate urged the trial justice to grant its motion for summary judgment based on its contention that plaintiff's claim was required to be resolved by way of appraisal and not litigation. The plaintiff agreed, during the hearing on the motion, that appraisal was appropriate. At the conclusion of the hearing, there was a clear understanding that the appraisal process would be, or already was, ongoing. As further evidence of this collective understanding, the trial justice informed plaintiff that "if the appraisal process doesn't allow you to address [the] issues, then you can press your case at a later date. I think you'll have enough time to do that." Notably, the trial justice granted Allstate's motion for summary judgment "without prejudice"[10]—for which we are hard-pressed to discern its meaning and note that there is no precedent in this jurisdiction for such a designation. Even more significantly, Allstate had filed a counterclaim in the initial action seeking an order from the trial justice declaring that the parties were required to submit the matter to appraisal. Thus, Allstate's assertion, in both its motion for summary judgment and its counterclaim, that appraisal was required, amounts to a

_____

[10] We pause to note that Allstate drafted the order granting its motion for summary judgment "without prejudice."

binding judicial admission. *See Nye v. Brousseau*, 102 A.3d 627, 629 (R.I. 2014) ("In this case, defendants admitted that all right, title, and ownership in the judgment parcel belongs to plaintiff, and this judicial admission is binding."); *see also State v. Rice*, 986 A.2d 247, 249 (R.I. 2010) ("'A judicial admission is a deliberate, clear, unequivocal statement of a party about a concrete fact within that party's knowledge[,]' which is 'considered conclusive and binding as to the party making [it].'") (quoting 29A Am. Jur. 2d *Evidence* § 783 at 48, 49 (2008)).

Because we conclude that the plaintiff's initial demand for appraisal was not time-barred and because Allstate's motion for summary judgment in the first action was granted "without prejudice" and with the clear understanding that the claim would undergo appraisal, we conclude that the court erred in granting Allstate's motion for summary judgment in the present case.

**Conclusion**

For the reasons set forth in this opinion, we vacate the judgment of the Superior Court and remand the case to the Superior Court with direction to vacate the judgment in the first action (PC 11-229) and order the parties to proceed to appraisal.

Justice Long did not participate.

- 16 -

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Raymond C. Romeo v. Allstate Property and Casualty Insurance Company. |
| **Case Number** | No. 2022-50-Appeal.<br>(PC 17-4379) |
| **Date Opinion Filed** | May 3, 2023 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Lynch Prata, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Melissa A. Long<br>Associate Justice Luis M. Matos |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Peter J. Comerford, Esq.<br>For Defendant:<br><br>Peter A. Clarkin, Esq. |